# Exhibit A

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JUELITHIA ZELLARS
Vs.
TERESA (TERIE) WARREN

C.A. No. 2006 CA 003713 B

**INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R. WRIGHT
Date: May 13, 2006
Initial Conference: 9:30 am, Friday, August 18, 2006
Location: Courtroom 200
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Juelithia G. Zellars
1708 Dennis Court
Forestville, MD 20747 *Plaintiff*

vs.

Ms. Terrie Warren
11th Civil Engineer Sq. *Defendant*
Deputy Base Civil Eng
370 Brookley Ave
Bolling AFB, DC 20032

0003713-06
Civil Action No. _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro Se Juelithia Zellars
Name of Plaintiff's Attorney

1708 Dennis Court
Address Forestville, Md 20747

(301) 324-1107
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 05-13-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Juelithia G. Zellars
1708 Dennis Ct.
Forestville, Md. 20747

**Plaintiff**

vs.

Ms. Teresa (Terrie) Warren
11th Civil Engineer Sq
Deputy Base Civil Eng
370 Brookley Avenue
Bolling AFB D.C. 20032

**Defendants**

RECEIVED Civil Clerk's Office MAY [date] Superior Court of the District of Columbia Washington, D.C.

0003713-06

CIVIL ACTION NO. _____

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921. The assault took place on May 13, 2005, in Washington, D.C. 11th Civil Engineer Sq, Bldg. 370 Brookley Ave Bolling AFB. Ms. Teresa (Terrie) Warren, 11 CES/CD became angry, raised her voice and pointed her fingers at me, (Juelithia Zellars) Plaintiff. She rushed twice towards me, as to indicate she was going to hurt me. I thought she was going to hurt me - do some type of bodily harm. The stress caused me, nerve pain + chronic degenerative, Temporomandibular Joint dysfunction/TMJ. Ms. Warren caused me to miss weeks from work intermittently, for Head, neck, back injury, neurological problems. Temporary Restraining Order (TRO) was granted August 23, 2005 - Sept 9, 2005 against Ms. Warren. Before TRO expired Ms. Warren harassed me by signing a Declaration on Sept 3, 2005 that contains slanderous + libel, defamatory comments - same on Affidavit Jan 11, 2006 Ms. Warren fails to comply with Court Order. See attachments #4

Wherefore, Plaintiff demands judgment against Defendant in the sum of $10,000.00 (Discretion of Judge) with interest and costs.

(301) 324-1107
Phone:

DISTRICT OF COLUMBIA, SS

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

_____ (Plaintiff / Agent)

Subscribed and sworn to before me this __15th__ day of _____ 20__.

_____ (Notary Public/Deputy Clerk)

FORM CV-1013/Nov. 90

0003713-06

| 58 | 1548 | **PATROL RESPONSE:** (EXEC)<br>LOCATION: Bldg 371/11 CES<br>COMPLAINANT: Civ ZELLARS, Julethia/11 CES/CED/DP: 202-767-1210<br>WITNESS #1: Civ LEPREE, Bryan K/11 CES/CECR/DP: 202-767-4539<br>WITNESS #2: Civ JONES-SANDERS, Greta D/11 CES/CERM/DP: 202-767-8629<br>SUBJECT: Civ WARREN, Teresa/11 CES/CD/DP: 202-767-5566<br>SUMMARY: SMSgt JONES/SFO telephoned this office requesting patrols respond to the above location due to a verbal altercation. Lt GAMMA/Delta-1, TSgt PEREZ/Police-1 and TSgt BROWN/Papa-2 were briefed and dispatched. At 1551 hrs, GAMMA, PEREZ and BROWN arrived on scene and made contact with ZELLERS. ZELLERS verbally stated this has been an ongoing situation. ZELLARS stated via AF FM 1168, she had a meeting with WARREN and JONES-SANDERS in reference to a request that was made concerning ZELLARS' leave. ZELLARS also stated she requested LEPREE attend the meeting as a witness on her behalf. LEPREE stated via AF FM 1168, during the meeting WARREN became irate when she stated she would not sign the request. ZELLARS' further stated WARREN continued to raise her voice and pointing her finger at ZELLARS and approached her within three feet of where she was standing. ZELLARS stated she felt threatened by WARREN and backed up toward the wall away from WARREN. ZELLARS continued to say at least four times, she told WARREN to back up as she moved away from her because she felt threatened. GAMMA and PEREZ then made contact with WARREN who chose not want to make a statement but verbally stated she was having a conversation with ZELLARS that became heated. WARREN also verbally stated she walked around her desk towards ZELLARS and pointed her finger at ZELLARS to which ZELLARS felt threatened. PEREZ referred ZELLARS to the Metropolitan Police Department (MPD) and Equal Employment Opportunity office to pursue further actions. Three AF FM 1168s were accomplished. Terminated at 2045 hrs, all in order.<br>NOTIFICATIONS: Maj GREENROAD/CSF, Capt REIDEL/SJA, Capt THOMAS/SFO, SMSgt JONES/SFO, MSgt DANIELS/SFOX, MSgt WILSON/MEO and SrA BROWN/CP (DLB) |

SSgt Dennis Owen - NCOIC, Reports + Abylsis
(202) 767-5717

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
OFFICE OF THE JUDGE IN CHAMBERS

TO: _Terrie Warren_         CASE NO.: _05 CA 5636_

## NOTICE

You are hereby notified that there will be a "status hearing" on Plaintiff's request for a Preliminary Injunction against you, on ___9/9/05___, at ___11:00___ a.m./(p.m.) at D.C. SUPERIOR COURT, 500 Indiana Avenue, N.W., on Civil Calendar # ___1___.

Please check-in with the CIVIL ASSIGNMENT OFFICE, Room JM-130, John Marshall level, for Courtroom location.

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

_Juelithia D. Zellars_
**Plaintiff**

vs.

C.A. No. 05-005634

_Terrie Warren_
**Defendant**

## ORDER

Upon consideration of the plaintiff's application for a Temporary Restraining Order, and the record herein, it is by the Court this 23rd day of August, 2005, hereby **Ordered**, that;

1. That the application for a Temporary Restraining Order be, and the same is, hereby **granted.**

2. Defendant shall not ✓assault, ✓threaten, ✓harass, or ___physically abuse Plaintiff in any manner.

3. Defendant shall stay at least 100 feet away from the Plaintiff's ✓person, ✓home, ___workplace, and _____.

4. Defendant shall not contact the Plaintiff in any manner, including but not limited to: ✓telephone, ✓in writing,

A TRUE COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Juelithia G. Zellars, )
)
    Plaintiff, )
) Civil Action No. 05-1670 (RBW)
vs. )
)
Ms. Terrie Warren, )
)
    Defendant. )
_____)

### DECLARATION OF MS. TERRIE WARREN

I, Ms. Terrie Warren, hereby declare and state as follows:

1. I am currently the Deputy Base Civil Engineer with the 11th Civil Engineering Squadron (11 CES) at Bolling AFB, grade GS-14. I have held this position since June 2002. Since July 2004, my immediate supervisor has been Colonel Dennis L. Jasinski, the Commander of the Bolling AFB Civil Engineering Squadron. As the Deputy Base Civil Engineer, my duties include responsibility for $80M design and construction program, $1.2B of infrastructure, 98 vehicles, 1,385 housing units—39 of which are General Officer Housing, approximately 350 employees (military and civil servants) and directing forward world-wide deployment of military troops. I have worked for the U.S. Air Force for twenty-one plus years. I have never had an employee, or any other individual seek a restraining order against me. I have been selected for a promotion to the Headquarters Air Force District of Columbia and will start that position in October 2005.

2. I know Ms. Juelithia Zellars. Ms. Zellars is employed as a Secretary (Office Automation), GS-0318-05, for the 11 CES and has worked with the Air Force for over 30 years. I am not Ms. Zellars immediate supervisor, but in the 11 CES organizational structure, I am assigned

several steps above Ms. Zellars and rarely interact with her.

3. At approximately 8:00 a.m. on the morning of May 13, 2005, Ms. Zellars asked myself and other members of 11 CES for administrative time off work for May 13, 2005 (5 hours) and May 16, 2005 (8 hours). Ms. Zellars was told that her request would be considered and she would be given a response later in the day.

4. At approximately 10:30 a.m. on May 13, 2005, Ms. Zellars approached Col Jasinski, the Commander of the 11 CES in a stairway as Col Jasinski was attempting to leave the building. Ms. Zellars again asked to take leave. Col Jasinski asked Ms. Zellars to follow him to the Resources Flight so Col Jasinski could speak to administrative personnel about this leave request. Once at the Resources Flight, Ms. Zellars stated that she wanted "official time" to work on a civilian personnel matter. Col Jasinski informed Ms. Zellars that she could have "official time," but that time would have to be taken at her duty station at Bolling AFB. Ms. Zellars stated she had a lot of material at her home and that she wanted the official time at her home. Col Jasinski informed Ms. Zellars she could bring those materials into the office as required. Ms. Zellars became very agitated and stormed off saying as she left that she was going to take this matter up with the base EEO office.

5. At 2:20 p.m. on May 13, 2005, a meeting took place between Ms. Greta Jones-Sanders, a Civilian Personnel Liaison for 11 CES, Ms. Zellars and myself. Ms. Zellars was provided a letter which stated her request for official time had been approved, but that such official time would have to be performed at the office. Ms. Zellars stated she needed a witness for the meeting and left. When Ms. Zellars returned, she had Mr. Brian Lepree, an employee of 11 CES with no involvement in this matter. As the meeting resumed, I explained to Ms. Zellars that she would be

2

authorized Official Administrative Leave that would have to be taken at her desk. Furthermore, I informed Ms. Zellars that she had to inform her supervisor if she had to leave to go somewhere else on base when she was leaving and where she was going. Ms. Zellars argued that these terms did not allow her the freedom to work from home where her documents were and said she would report me to the EEOC. I informed Ms. Zellars that she would not be assigned any other tasks during her Official Administrative Leave. Ms. Zellars tried on several occasions to take control of the meeting and more than once gave me the impression I worked for her. As the meeting culminated she was more defensive/argumentative and as a clarifying point I objected to a statement Ms. Zellars made. When I did so I moved forward and used a more stern tone of voice. A conference table remained between myself and Ms. Zellars and Mr. Lepree was standing directly to my left and blocking the path around the chair in Ms. Zellars' direction. To my great surprise, Ms. Zellars looked at me, looked at Mr. Lepree and then said I threatened her. I told Ms. Zellars she was dismissed and asked her to leave the room. Ms. Zellars continued to say I was threatening her and I had to repeat that she was dismissed a couple of times. Ms. Zellars called the base Security Forces squadron to report the threat. Security Forces took witness statements from everyone in the room and took no further action.

6. On July 20, 2005, 1Lt Travis Guidt, Ms. Zellars' first-level supervisor, issued Ms. Zellars a Letter of Counseling and Leave Restriction which set forth 1Lt Guidt's continuing concerns about Ms. Zellars' continuing excessive use of unscheduled leave and tardiness. This letter also placed strict requirements on how and when Ms. Zellars could request leave in the future.

7. The day after receiving that letter from 1Lt Guidt, July 21, 2005, Ms. Zellars filed a complaint, summons and motion for a Temporary Restraining Order in D.C. Superior Court based upon the

3

May 13, 2005, meeting with Ms. Warren. I was served with those papers on or about August 5, 2005.

8. On July 26, 2005, Ms. Zellars filed a claim for Workers' Compensation benefits with the U.S. Department of Labor, claiming that the stress of the May 13, 2005, meeting caused nerve pain and neurological problems in her head, neck and back. That claim is still pending.

9. On August 3, 2005, 1Lt Guidt proposed Ms. Zellars' removal from Federal service. This was a non-disciplinary removal based upon non-availability for duty. This removal was proposed because Ms. Zellars was absent almost continuously from June 3, 2005, through July 25, 2005, except for 4.25 hours over several days. Ms. Zellars has not responded to this proposed removal action and the Deciding Official in the removal action, Col Jasinski, is deliberating about the proper course of action to take.

9. I believe that Ms. Zellars is attempting to use the May 13, 2005, meeting as a basis to try and delay or confuse her various pending personnel actions. In no way, shape or form did I threaten her during that meeting. I never made a verbal or written threat and there was definitely no physical contact between Ms. Zellars and myself. I believe the timing here displays Ms. Zellars' motivation. She did not seek a Temporary Restraining Order against me until more than two months had passed after the May 13, 2005, meeting. Indeed, her request for a restraining order was dated the day after she received a letter from 1Lt Guidt which set forth concerns about her continuing absences from the workplace.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of September 2005.

4

*[signature]* 3 Sept 05

Ms. Terrie Warren, DAF, GS-14, PE
Deputy Base Civil Engineer

5



# AFFIDAVIT

STATE OF: __WASHINGTON D.C.__
COUNTY OF: __N/A__

I, __TERESA A. WARREN__, at __BOLLING AIR FORCE BASE, WASHINGTON, D.C.__, make the following statement under oath or affirmation pertaining to Equal Employment Opportunity Discrimination Complaint of Ms. Juelithia G. Zellars, Agency Docket Number 9L2W04210.

Pursuant to Public Law 93-579 (Privacy Act of 1974), as an individual supplying information for inclusion in a system of records, I have been informed of the following:

EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, I realize my failure to respond could result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.

AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended; Executive Order 10577; and 29 CFR 1614.

PURPOSE AND USES: The information supplied will be used as part of the record in an equal employment opportunity discrimination complaint or grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal intelligence agencies, or to others as published in the Federal Register.

My name is Teresa A. Warren. My race/color is Caucasian/white. I have personally filed an EEO related complaint previously (not while assigned to Bolling AFB), and have previously participated as a management witness in other complaints.

During the July-September 2004 timeframe, I was assigned to the position of Deputy Base Civil Engineer, 11th Civil Engineer Squadron (CES), Bolling Air Force Base, Washington, D.C. I was assigned to this position from July 2002 to January 7, 2006. While in this position my primary duties and responsibilities were to assist the Base Civil Engineer and my immediate supervisor was in all operations, personnel management, planning and oversight of Base Civil Engineer responsibilities at Bolling. My immediate supervisor was Colonel Dennis L. Jansiski. I served as the immediate supervisor of five CE flight chiefs, the commander's secretary and two career enhancers and served as the rater of the employees. I served as the indirect supervisor of about 300 military and civilian personnel assigned to CES. I served as the performance reviewer for all civilian employees in the Squadron, i.e.,

Page 1 of 4 pages          Affiant's initials: ___



Name: TERESA A. WARREN
RE: Agency Docket No: 9L2W04210

about 160 personnel. Since the Operations Flight Chief is a military position, I did not have immediate supervision over that position. However, when Major Svoboda, Operations Chief, was deployed during the period of May-September 2004, I temporarily served as the immediate supervisor of the Acting Chief, Mr. Gary Kremer, the permanent Deputy of Operations Flight. The personnel under my supervision, both military and civilian, were of various races and color, to include African American.

In August 2004, I directed Mr. Kremer to reassign the Operations Flight secretary, Ms. Juelithia Zellars, to the Maintenance Engineering Element within Operations Flight as the Maintenance Engineering secretary. Mr. Kremer did not object and totally agreed with the action. The reason I directed the reassignment was to quell the friction between Ms. Zellars and Mr. Kremer. I also wanted to place Ms. Zellars in an area where her skills were really needed and under the supervision of a top-performing supervisor with good mentoring, guidance and technical skills, Mr. Mel Holston. Shortly thereafter, upon the return of Major Svoboda, he checked the manning document and decided to place her under the element chief, Lieutenant Horan. I did not object so long as she serviced contracts under Mr. Holston. The reassignment did not adversely affect Ms. Zellars in terms of her pay grade. However, her title changed from Operations Flight Secretary to Maintenance Engineering Secretary. Ms. Lisa Winston, the Maintenance Engineering Secretary, was transferred to be the Operations Flight Secretary. Since then, Ms. Winston has temporarily been assigned as the Civil Engineer Squadron secretary pending fill of that position.

I was aware of Ms. Zellars race and color at the time of her reassignment, as well as her participation in previous EEO activity. However, those factors did not motivate or influence the decision to reassign her. Ms. Winston is also African American and the position of Operations Flight Secretary since Ms. Zellars departed that position has been filled only on a temporary basis by the assignment of various military and civilian personnel of various races and color. To my knowledge, since October 1, 2004, the position has been vacant.

Page 2 of 4 pages                                        Affiant's initials: _TW_

Name: TERESA A. WARREN
RE: Agency Docket No: 9L2W04210

COPY

Prior to directing Mr. Kremer to issue the memorandum to reassign Ms. Zellars, I consulted with the Bolling AFB EEO Manager, Mr. Paul Lucas, since Ms. Zellars had several EEO complaints in the systems and I want to avoid any appearances of retaliation or wrong doing. I consider it good management practice to have open communication with EEO and Human Resource officials. I discuss the situation, and alternative with him, regarding the ongoing friction between Ms. Zellars and Mr. Kremer, which had a counterproductive and disruptive affect on the efficiency of the organization, and had caused Ms. Zellars to seek EEO counseling in many cases. I could not move Mr. Kremer and his skills were critical to Operations Flight. I considered that Ms. Zellars' skills were transportable and actually gave her an opportunity to expand her career in Civil Engineering. Mr. Lucas advised that it was management's right to effect the move, with or without her consent. I believe Ms. Sandra Daniels, Labor Relations Specialist, also was consulted. As I recall, management was advised that the notice to her of the reassignment should be in writing with an effective date, that the Union did not have to be consulted, and that the action could be made effective immediate. Ms. Zellars was being reassigned within Operations Flight, and there was no need to consult managers outside the CES. In case of reassignments outside the organization, the Civilian Personnel Flight would have a more active role.

Although Ms. Zellars was given a report date of August 26, 2004, she did not actually report to her new assignment for several days. During the July-September 2004 timeframe, the Operations Flight was being renovated. Ms. Zellars did not have a positive working relationship with her peers and supervisors, and was argumentative, confrontational and disagreeable. In fact I would consider Ms. Zellars to be intimidating and combative toward other squadron personnel. For this reason, many employees and officials avoid her in order to avoid confrontation with her. However, the renovation had nothing to do with the decision to reassign Ms. Zellars, and the only reason she was reassigned was to quell the friction between her and Mr. Kremer. None of my actions regarding the reassignment were motivated or influenced by Ms. Zellars' race, color, participation in EEO activity or any other impermissible factor. The decision was not my first choice, but, ultimately the only solution within my ability to implement in order to maximize productivity. Ms. Zellars was not the



Name: TERESA A. WARREN
RE: Agency Docket No: 9L2W04210

only employee within the CES that has been reassigned. In addition to Ms. Zellars, within the last two years I have been involved in the reassignment (both voluntary and involuntary for rotational and career broadening purposes) of approximately eleven civilian employees within the CES, three white, six African American, and two Asian. The grade ranges of the reassigned personnel was from GS-05 to GS-14, including a GS-318-05 secretary in addition to Ms. Zellars. Thus, I do not believe Ms. Zellars was singled out or treated any differently from personnel in other areas and of various grades. My only purpose of reassigning personnel is to enhance the efficiency and effectiveness of the organization.

END OF STATEMENT

*I have read the above statement, consisting of __04__ page(s), and swear/affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.*

*Subscribed and sworn:*

at: __BOLLING AIR FORCE BASE, WASHINGTON, D.C.,__

on this __11TH__ day of __JANUARY__ 2006

_____
Affiant's Signature

_____
Title

_____  1/11/06
Investigator's Signature          Date

Page 4 of 4 pages                                      Affiant's initials: TW