UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellars, | ) |
| Plaintiff, | ) Civil Action No. 06-1024 (RBW) |
| v. | ) |
| Ms. Terrie Warren, | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

**Introduction**

Defendant files this response to documents styled as "Plaintiff's Motion to Backdate the Pleading" and "Plaintiff's Motion to Remand Civil Action." As the Court has already dismissed this case, it would appear that the filings are most appropriately considered as motions to alter or amend judgment under Fed R. Civ. Pro. 59(e). If the Court considers plaintiff's filings as a timely response to the Court's Show Cause Order, defendant respectfully requests that the Court consider this response as filed in opposition.

**Background**

For the second time, Plaintiff, Pro Se, brings suit alleging that her superior in the Department of the Air Force committed an assault against her during a workplace meeting on Bolling Air Force Base. This same Plaintiff filed an identical action, based upon the same facts and legal theories, against this Defendant on July 21, 2005, in the Superior Court of the District of Colombia. The United States removed that first action to this Honorable Court on August 22,

2005 (Civil Action No. 05-1670(RBW).  Defendant filed a motion to dismiss on September 29, 2005, and a supporting memorandum of points and authorities in that first action (Attachment 1).

This Court ordered the dismissal of Plaintiff's first action, (No. 05-1670 (RBW)) on April 20, 2006.  The Court's Memorandum Opinion (Attachment 2) concluded that the Court lacked subject matter jurisdiction because Plaintiff's exclusive remedy for the alleged assault is covered through the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. Sec. 8101 et seq. (2000).

Plaintiff filed a second lawsuit on May 13, 2006, in the Superior Court for the District of Columbia.  Defendant removed to this Honorable Court on June 2, 2006.  On June 14, 2006, the Court ordered Plaintiff to show cause by June 28, 2006, why this suit should not be dismissed.

Plaintiff's "Motion to Remand" argues that this case should be remanded to the Superior Court for three reasons.  All are utterly meritless.  Plaintiff first alleges that claims arising under state worker's compensation laws are non-removable.  Both Plaintiff and the named defendant are Federal Employees, see complaint ¶ 1 and ¶ 3.  This case does not arise under any state workers compensation law.

Plaintiff next argues that this is an individual liability suit against Ms. Warren.  However, the Civil Division Chief for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, certified pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incidents.  Plaintiff offers no new facts or arguments that could possibly challenge this scope determination.

Finally, Plaintiff alleges that she was injured by a breach of contract by the Air Force.  Plaintiff alleges that she was injured when Ms. Warren interfered with Plaintiff's ability to be

secure in the workplace. Regardless of how styled, Plaintiff's exclusive remedy for the alleged injury is covered through the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. Sec. 8101 et seq. (2000).

## Conclusion

For the reasons set forth above and those contained in the government's Motion to Dismiss filed in the identical action, Civil Action No. 05-1670, the government respectfully requests that Plaintiff's motion for reconsideration be denied.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895

**Certificate of Service**

I certify I caused a copy of the foregoing Response to be served by first class mail upon pro se plaintiff at:

    Juelithia G. Zellars,
    1708 Dennis Court
    Forestville, Maryland 20747

on this 13th day of July 2006

                        _____
                        KEVIN K. ROBITAILLE
                        Special Assistant U.S. Attorney
                        555 4th Street, NW
                        Washington, D.C. 20530
                        (202) 353-9895