UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUELITHIA G. ZELLARS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1670 (RBW) |
| UNITED STATES | ) ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM OPINION

The plaintiff, proceeding pro se, initiated this action in the Superior Court for the District of Columbia against defendant Terrie Warren, alleging assault. Complaint ("Compl.") at 1. Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, and 2679(d)(2) and 28 C.F.R. § 15.4, and based on a certification that Ms. Warren was acting within the scope of her employment as an employee of the United States at the time of the alleged incident, the United States was substituted for Ms. Warren as the defendant after this action was removed to this Court. Notice of Removal of a Civil Action ("Notice of Removal") at 1-2. Currently before the Court is the defendant's Motion to Dismiss the Plaintiff's Complaint ("Def.'s Mot.") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  For the following reasons, the defendant's

---

[1] The following papers have been submitted in connection with this motion: (1) the defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss the Plaintiff's Complaint ("Def.'s Mem."); (2) the plaintiff's opposition, termed "Opposition of Defendant's Motion to Cease Temporary Restraining Order" (Pl.'s Opp'n); and (3) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Plaintiff's Complaint ("Def.'s Reply").

The Court has also received a series of motions from the plaintiff with the following titles: (1) "Plaintiff Motion for An Hearing [sic]"; (2) "Plaintiff's Motion to Respond to Notice of Filing Notice Of Removal of a Civil

(continued...)

motion to dismiss is granted.

## I. Factual Background

The plaintiff, Juelithia G. Zellars, alleges that on May 13, 2005, at 370 Brookley Avenue on Bolling Air Force Base in Washington, D.C., the defendant, Terry Warren of the 11th Civil Engineer Squadron, "became ang[ered], raised her voice and pointed her fingers at the plaintiff, [and]. . . rushed twice towards [the plaintiff], as to indicate she was going to hurt [the plaintiff]," and the plaintiff "thought [Ms. Warren] was going to hurt [her]" or inflict "some type of bodily harm." Compl. at 1.

The circumstances surrounding the alleged incident are more fully described by the plaintiff in her hand-written statement, prepared under oath on the day of the alleged assault. See Pl.'s Opp'n, Ex. 2 at 2-5 (Zellars Statement). The plaintiff was an employee at the Air Force base, and, on the afternoon of the alleged assault, had entered Ms. Warren's office at the request of a colleague, Greta Jones-Sanders. Id. at 2. According to the plaintiff, Warren indicated that she had documents for the plaintiff to sign, one which concerned the approval of the plaintiff's request for official leave. Id. at 2. The plaintiff requested permission to have a witness during the meeting, and after Warren and Jones-Sanders consented, the plaintiff left the office and returned with another colleague, Bryan Lepree. Id. at 2-4. The plaintiff contends that moments later, after the plaintiff stated that she would not sign the document concerning her request for

---

[1](...continued)
Action" (1st); (3) "Plaintiff's Motion to Respond to the Defendant's Motion For an Enlargement of Time within which to Answer, Move or Otherwise Respond"; (4) "Plaintiff's Motion to Continue Temporary Restraining Order"; (5) "Plaintiff's Motion to Respond to Notice of Removal of a Civil Action" (2nd); Plaintiff's Motion for Monetary and Remedies [sic]"; and (6) "Plaintiff's Motions of Attachments Submitted on August 31, 2005." Because the Court concludes that it lacks jurisdiction to hear the plaintiff's claims, it need not address these other motions. Accordingly, they are all denied as moot.

leave, Warren became very angry and hostile. Her voice allegedly became louder, and she walked around the table that was between them and rushed toward the plaintiff, pointing her hands and fingers as she approached. Id. at 3. The plaintiff claims that she told Warren at least four times that Warren was threatening her. Id. at 3. However, the plaintiff admits that Warren did not touch her or verbally threaten to touch her. Id. at 4.

The essential facts of the encounter are corroborated by a similar hand-written statement by Bryan Lepree. Id., Ex. 2 at 6-8 (Lepree Statement). In a typed statement, however, Jones-Sanders stated that Warren did not sound angry, but rather seemed "very frustrated" during the incident. Jones-Sanders also said that Warren did not appear to threaten the plaintiff at any time, although Jones-Sanders did witness the defendant step forward and in front of the plaintiff. Id., Ex. 2 at 10-11 (Jones-Sanders Statement).

After the plaintiff filed her complaint in the Superior Court on July 21, 2005, Warren, for whom the United States was later substituted, removed the case to this Court on August 22, 2005. Compl. at 1; Notice of Removal at 1-2. One day after the case had been removed, the Superior Court granted the plaintiff's request for a Temporary Restraining Order against Warren. Order at 1-2. However, on August 30, 2005, this Court granted the defendant's motion to vacate the Superior Court order. Order at 1. The defendant now requests that this Court dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Def.'s Mem. at 3.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to establish

subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998) (citations omitted).  In reviewing such a motion, this Court must accept as true all the factual allegations contained in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).  Additionally, in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Academy of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).

### III.    Analysis

The defendant moves to dismiss the plaintiff's complaint, arguing, inter alia, that this Court lacks subject matter jurisdiction because the plaintiff's exclusive remedy for the alleged assault is covered through the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq. (2000).  Def.'s Mem. at 8.  The FECA provides for payment of compensation for disability or death resulting from a personal injury sustained by an employee while in the performance of his or her duties.  5 U.S.C § 8102(a).  The federal government's liability under the FECA is "exclusive and instead of all other liability" to anyone "entitled to recover damages . . . in a direct judicial proceeding, in a civil action, . . . or under a Federal tort liability statute."  5 U.S.C. § 8116(c).  The FECA's exclusive liability provision "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been

4

enacted to waive the Government's sovereign immunity." <u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190, 193-94 (1983). Under the FECA, "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." <u>Id.</u> at 194 (citations to legislative history omitted); <u>see</u> 5 U.S.C § 8116(c). Thus, where the FECA applies, federal courts are without subject matter jurisdiction over covered claims. 5 U.S.C. § 8116(c); <u>see</u> <u>Heilman v. United States</u>, 731 F. 2d 1104, 1109 (3d Cir. 1984) ("If a claim is covered under FECA, then the federal courts have no subject matter jurisdiction to entertain the action").

For the FECA to apply, the injury alleged must be "sustained while in the performance of [the employee's] dut[ies]." 5 U.S.C. § 8102; <u>see</u> <u>United States v. Lorenzetti</u>, 467 U.S. 167, 169 (1984). The defendant argues, and the plaintiff appears to concede, that the alleged assault satisfies this requirement. Def.'s Mem. at 10; Pl.'s Opp'n, Ex. 2 at 3-4 (stating that the alleged assault occurred during a meeting involving the plaintiff and co-workers to discuss the plaintiff's request to take leave). The ultimate determination of this question, however, like all questions arising under the FECA, is committed to the Secretary of Labor. 5 U.S.C. § 8145. It would therefore be inappropriate for this Court to make any specific findings as to whether the plaintiff's claims fall within the scope of the FECA. <u>Daniels-Lumley v. United States</u>, 306 F.2d 769, 770 (D.C. Cir. 1962). Accordingly, unless the plaintiff's injuries are clearly not compensable under the FECA, "the Secretary of Labor must be given the primary opportunity to rule on the applicability of the Act." <u>Id.</u> at 771. As the Third Circuit has explained, federal courts will not entertain a claim "unless it is certain that the Secretary would find no coverage" under the FECA. <u>Heilman</u>, 731 F.2d at 1110.

5

Because the plaintiff concedes that her alleged injury was sustained at the workplace, during a meeting with coworkers, and in a coworker's office, Pl.'s Opp'n, Ex. 2 at 3-4, this Court cannot conclude with certainty that the Secretary of Labor would find that the FECA does not apply, see Daniels-Lumley, 306 F.2d at 771 (refusing to conclude that the FECA would not cover a plaintiff's injuries); Caesar v. United States, 258 F. Supp. 2d 1, 5 (D.D.C. 2003) (noting that "[i]t has long been held that physical attacks by third parties sustained in the performance of the employees duties are clearly covered by FECA") (citation and internal quotation marks omitted). Thus, because the plaintiff failed to secure a decision from the Secretary of Labor, this Court lacks jurisdiction to entertain her claim. Daniels-Lumley, 306 F. 2d at 771 n.3 (determining that "there is a serious question as to whether the plaintiff is outside the scope of [FECA], and a decision by the Secretary of Labor that her injuries were not covered . . . is a condition precedent to the continued prosecution of this suit"). Accordingly, the defendant's motion to dismiss the plaintiff's complaint must be granted.[2]

---

[2] In addition to the assault allegation contained in plaintiffs complaint, Compl. at 1, the plaintiff's subsequent filings hint to the existence of other claims, including claims that she was subjected to unfair personnel actions, see, e.g., Pl.'s Opp'n at 1-5. This Court must construe pro se filings liberally and will consider potential claims raised for the first time in an opposition to the defendant's motion to dismiss as constituting valid amendments to her original complaint. See Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999). Such a conclusion, however, is limited to allegations that "constructively" amend the plaintiff's complaint so as to assert additional claims. See Ali v. District of Columbia, 278 F.3d 1, 8-9 (D.C. Cir. 2002) (citing Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C. Cir 1983)). Here, the Court cannot conclude that the plaintiff constructively amended her complaint to include additional claims. Nonetheless, even if this Court were to conclude that additional claims have been asserted, it is clear that they could not be maintained before this Court. First, assuming that the Court did not lack jurisdiction over the plaintiff's assault claim because of the FECA, this claim could not be entertained by this Court under the Federal Tort Claims Act ("FTCA"). 28 U.S.C § 2680(h) (2000) (district courts do not have original jurisdiction in civil actions against the United States for claims arising out of an assault). Second, this Court lacks jurisdiction over any possible claims concerning adverse personnel actions not based on claims of illegal discrimination, as such claims must be brought pursuant to the administrative procedures set forth in the Civil Service Reform Act. 5 U.S.C. §§ 7101 et seq. (2000); see United States v. Fausto, 484 U.S. 439 (1988); Barnhart v. Devine, 771 F.2d 1515 (D.C. Cir. 1985). Third, assuming the plaintiff has asserted a claim of unlawful employment discrimination, this Court would lack jurisdiction over such claims because the plaintiff has not exhausted her administrative remedies as required by Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e,

(continued...)

## IV. Conclusion

For the foregoing reasons, the Court grants the defendant's motions to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

SO ORDERED, this 20th day of April, 2006.[3]

REGGIE B. WALTON<br>United States District Court Judge

---

[2](...continued)
et seq. (2000); see Brown v. General Services Administration, 425 U.S. 820 (1976).

[3] An order consistent with the Court's ruling accompanies this Memorandum Opinion.