Case: 06 1024  Filed _____/Doc___   Page _1_ of _45_   *Leave to file is granted*

*J. Walton*
*7/7/06*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellars<br>1708 Dennis Court<br>Forestville, Maryland 20747 | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No. 06 1024 (RBW)<br>) |
| v. | )<br>) |
| Ms. Teresa (Terrie) Warren,<br>Headquarters<br>20 MacDill Boulevard, Bldg. 20<br>Bolling, AFB, Wash DC 20032 | )<br>) June 28, 2006<br>) |
| _____Defendant_____ | ) |

## PLAINTIFF'S MOTION TO REMAND CIVIL ACTION

Plaintiff, Juelithia G. Zellars, a civilian and Pro se hereby files a Motion to Remand civil

action pursuant to 28 U.S.C. s 1445(c). In Plaintiff is in opposition of Defendant's Notice, the

Plaintiff states as follows:

1. Teresa Warren, is a civilian employee of the United States Air Force, is the defendant in an

Individual/Liability Civil case, in the United States District Court of the District of Columbia, Civil

Action No. 06 1024 (RBW), civil case was prematurely removed from the Superior Court of the

District of Columbia entitled Zellars v. Warren, C.A. No. 0003713-06 on June 2, 2006.

2. The Summons and Complaint was filed on May 13, 2006. Teresa Warren was served on

May 31, 2006. The C.A. No 0003713-06 filed on May 13, 2006 and C.A. 05-005636 are

Nonremovable Actions, 28 U.S.C. s 1445(c), A civil action in any State court arising under

workman's compensation laws of such State not be removed to any district court of the United

States. Proper service of the summons and complaint on the United States has been effected.



3. The agency Breach of Contract, resulted in an injury. The Plaintiff, asserts that the agency and management deficiencies breach the government's contractual obligations of good faith and fair dealing and simultaneously, interfered with her medical condition, aggravated Lumbar, Cervical, injury. Agency was aware of her Lumbar, and Cervical injuries.. Ms. Warren's actions interfered with the Plaintiff to be secure in the workplace.

4. The stress caused the Plaintiff nerve pain and chronic degenerative, Temporomandibular Joint dysfunction/TMJ, later diagnosed. Ms. Warren caused the Plaintiff to miss weeks, from work intermittently, for Head, neck, back injury, aggravated neurological problems.

5. Plaintiff filed for Workers' Compensation benefits with the U.S. Department of Labor. OWCP case is still under development, a check has been dispersed to the Plaintiff dted 4/13/06. The Workers' Comp was filed on July 26, 2005, and was brought to the District Court attention on September 6, 2005, during an emergency hearing, but all findings could not be analyzed.

6. Temporary Retraining Order (TRO) was granted August 23, 2005-Sept 9, 2005 against Ms. Warren. Before TRO expired, the Plaintiff believes that District Court did not dismissed the TRO from Ms. Warren before 9/9/05. Ms. Warren harassed Plaintiff by signing a Declaration Sept 3, 2005 that contains slanderous and Libel, defamatory comments –same on Affidavit Jan 11, 2006. Ms. Warren failed to comply with Court Order. **Request for a permanent TRO**.

7. The allegations in the suit are not identical to those raised in Superior Court C.A. 05 CA 56 36. The case was prematurely removed from the Superior Court of the District of Columbia entitled Zellars v. Warren, C.A. No. 0003713-06 on June 2, 2006, to the United States District Court of the District of Columbia, Civil Action No. 06 1024 (RBW).

2



8.  The United States asserts that Ms. Warren was acting within the scope of her employment as an employee of the United States at the time of the alleged incident, and the United States was substituted for Ms. Warren as the defendant.  Plaintiff to sign for Official Leave was optional.

9.  In addition to the obligations that the master and servant have to each other, the master is liable for any tort, wrong other than breach of contract, which results in injury to another person. The master's liability for a servant's action with the scope of employment is "Let the master answer." If an employee is injured at work because of the master's own negligence, the employer is legally responsible for those injuries. An assault is a violent attack, Ms. Warren's witness was writing and looking down when out of the side of her left eye...& Ms. Warren was frustrated this means she felt defeated. Warren admitted the threat, see Declaration pg3  9/3/05.

10. Ms. Warren has been harassing the Plaintiff previously before the assault occurred.  The agency is liable for negligent hiring.

11. The Plaintiff has complied and followed the necessary guidelines to established peace and request for assistance to stop the discrimination practices.  The Plaintiff has utilized the the Equal Employment Office, but the discriminatory practices continues as Plaintiff attempted to get assistance from other sources, as well, however,

1.  The Agency did not conduct an Investigation of the incident, for May 13, 2005
2.  The Agency base police did not conduct an Investigation of the incident
3.  The Agency did not conduct a hearing, to properly find the violation
4.  The Agency did not conduct an oral argument in part or full
5.  The Agency did not conduct an written argument in part or full
6.  The Agency did not pursuit to make a good faith attempt to satisfied the Plaintiff's requirements for a secure and comfortable workplace.
7.  The Agency/Federal Court has not allowed the Plaintiff to cross-examine witnesses, to show violation, The Federal Court ruling is inconclusive.

Complaint and original filings by the Plaintiff is attached as Exhibit 1 and Additional Exhibit 2.

3

The Plaintiff did not receive a copy of the Honorable Reggie B. Walton's Memorandum

Opinion until June '06 from the United States Attorney's Office, and Plaintiff requests to receive an

extension for an response if necessary.   The Plaintiff's claim does not have a lack of Subject

Matter as explained above.

Wherefore, this civil action pending in the Superior Court of the District of Columbia was non

removable from said Court 1) pursuant to 28 U.S.C. s 1445(c), a Nonremovable action, A civil

action in any State court arising under workman's compensation laws of such State not be removed

to any district court of the United States. 2) Individual/Liability Civil case against Ms. Teresa

Warren, 3) Breach of Contract from the federal government.   The Plaintiff beseech the Court that

this case be remanded to the Superior Court of the District of Columbia, if not in full then in part

for said Superior Court's decision.  Plaintiff did not receive earlier decision of the Federal Court's

dismissal on this case.  The Plaintiff called and spoke to Mr. Booker, within your chambers, approx.

October '05, he said, a decision had  not been made, however, I did not get a copy of your previous

decision.  For the reasons stated above and see pg 3. (bottom) the agency failed to conduct

investigation(s),  hearing, etc.  The Plaintiff request the Court for relief of the Agency's

wrongdoing, and if this case is not remanded, that you keep this case open until all pertinent

information is analyzed that is related to said civil case.

Respectfully submitted,

Date:  June 28, 2006

JOELITHIA G. ZELLARS, PRO SE
1708 Dennis Court
Forestville, Maryland 20747
(301) 324-1107

# EXHIBIT 1





# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JUELITHIA ZELLARS
   Vs.
TERESA(TERIE) WARREN

C.A. No.    2006 CA 003713 B

## INITIAL ORDER

     Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

     (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

     (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

     (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

     (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

     (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                            Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R. WRIGHT
Date:  May 13, 2006
Initial Conference: 9:30 am, Friday, August 18, 2006
Location:  Courtroom 200
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001



CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001  Telephone: 879-1133

Juelithia G. Zellars
1708 Dennis Court
Forestville, MD 20747     *Plaintiff*

vs.

Civil Action No. 0003713-06

Ms. Terrie Warren
11th Civil Engineer Sq     *Defendant*
Deputy Base Civil Eng
370 Brockley Ave
Bolling AFB, DC 20032

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.    If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Pro Se Juelithia Zellars
_____
Name of Plaintiff's Attorney

1708 Dennis Court
_____
Address
Forestville, Md, 20747

(301) 324-1077
_____
Telephone

Clerk of the Court

By _____
                    Deputy Clerk

Date 05/12/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Juelithia G. Zelloes
1708 Dennis Ct.
Forestville, Md. 20747

**Plaintiff**

0003713-06

*vs.*

Ms. Teresa (Terrie) Warren
11th Civil Engineer, Sq
Deputy BASE Civil Eng
370 Brookley Avenue
Bolling AFB, D.C. 20032

**CIVIL ACTION No.** _____

RECEIVED
Civil Clerk's Office
MAY ___ ____
Superior Court of the
District of Columbia
Washington, D.C.

**Defendants**

## COMPLAINT

**1.   Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

The assault took place on May 13, 2005, in Washington, D.C. 11th Civil Engineer Sqn, Bldg. 370 Brookley Ave (Bolling AFB). Ms. Teresa (Terrie) Warren, 11 CES/CD became angry, raised her voice and pointed her fingers at me, (Juslithia Zelloes) Plaintiff, she rushed twice towards me, as to indicate she was going to hurt me, I thought she was going to hurt me-do-some type of bodily harm. The stress caused me, nerve pain + chronic degenerative, Temporomandibular Joint dysfunction/TMJ. Ms. Warren caused me to miss weeks from work in term/intermittently for head, neck, back injury, neurological problems. Temporary Restraining Order (TRO) was granted August 23, 2005 — Sept 9, 2005 against Ms. Warren before TRO expired Ms. Warren harassed me by signing a Declaration on Sept 3, 2005 that contains slanderous + know, defamatory comments + same on Affidavit Jan. 11, 2006 Ms. Warren fails to comply with Court Order. See attachments #4

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 30,000.00 with interest and costs.**

jurisdiction of Judge)

(301) 324-1107

**Phone:**

**DISTRICT OF COLUMBIA, SS**

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

_____
**(Plaintiff                                    Agent)**

**Subscribed and sworn to before me this** _____ **day of** _____ **20** _____.

_____
**(Notary Public/Deputy Clerk)**

FORM CV-1013/ Nov. 00

| 58 | 1548 | **PATROL RESPONSE:** (EXEC)    0003713=06 |
|---|---|---|

**PATROL RESPONSE:** (EXEC)    0003713=06

LOCATION: Bldg 371/11 CES
COMPLAINANT: Civ ZELLARS, Julethia/11 CES/CED/DP: 202-767-1210
WITNESS #1: Civ LEPREE, Bryan K/11 CES/CECR/DP: 202-767-4539
WITNESS #2: Civ JONES-SANDERS, Greta D/11 CES/CERM/DP: 202-767-8629
SUBJECT: Civ WARREN, Teresa/11 CES/CD/DP: 202-767-5566
SUMMARY: SMSgt JONES/SFO telephoned this office requesting patrols respond to the above location due to a verbal altercation. Lt GAMMA/Delta-1, TSgt PEREZ/Police-1 and TSgt BROWN/Papa-2 were briefed and dispatched. At 1551 hrs, GAMMA, PEREZ and BROWN arrived on scene and made contact with ZELLARS. ZELLARS verbally stated this has been an ongoing situation. ZELLARS stated via AF FM 1168, she had a meeting with WARREN and JONES-SANDERS in reference to a request that was made concerning ZELLARS' leave. ZELLARS also stated she requested LEPREE attend the meeting as a witness on her behalf. LEPREE stated via AF FM 1168, during the meeting WARREN became irate when she stated she would not sign the request. ZELLARS' further stated WARREN continued to raise her voice and pointing her finger at ZELLARS and approached her within three feet of where she was standing. ZELLARS stated she felt threatened by WARREN and backed up toward the wall away from WARREN. ZELLARS continued to say at least four times, she told WARREN to back up as she moved away from her because she felt threatened. GAMMA and PEREZ then made contact with WARREN who chose not want to make a statement but verbally stated she was having a conversation with ZELLARS that became heated. WARREN also verbally stated she walked around her desk towards ZELLARS and pointed her finger at ZELLARS to which ZELLARS felt threatened. PEREZ referred ZELLARS to the Metropolitan Police Department (MPD) and Equal Employment Opportunity office to pursue further actions. Three AF FM 1168s were accomplished. Terminated at 2045 hrs, all in order.
NOTIFICATIONS: Maj GREENROAD/CSF, Capt REIDEL/SJA, Capt THOMAS/SFO, SMSgt JONES/SFO, MSgt DANIELS/SFOX, MSgt WILSON/MEO and SrA BROWN/CP  (DLB)



SSgt Dennis Owen  - NCOIC, Reports + Abylsis
(202) 767-5717



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE JUDGE IN CHAMBERS

TO: _Terrie Warren_                    CASE NO.: _05 CA 5636_

## NOTICE

You are hereby notified that there will be a "status hearing" on Plaintiff's

request for a Preliminary Injunction against you, on

_7/7/05_ , at _11:00_ a.m./p.m. at D.C. SUPERIOR
(date)                (time)

COURT, 500 Indiana Avenue, N.W., on Civil Calendar # _1_ .

Please check-in with the CIVIL ASSIGNMENT OFFICE, Room JM-130,

John Marshall level, for Courtroom location.

---------------------------------------------------------------------------

2005, hereby **Ordered,** that;



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

*Juelithia S. Zellars*
**Plaintiff**

**vs.**

C.A. No. *05·005634*

*Terrie Warren*
**Defendant**

## ORDER

Upon consideration of the plaintiff's application for a Temporary Restraining Order, and the record herein, it is by the Court this *23rd* day of *August*, 2005, hereby **Ordered,** that;

1. That the application for a Temporary Restraining Order be, and the same is, hereby **granted.**

2. Defendant shall not ✓ assault, ✓ threaten, ✓ harass, or ___ physically abuse Plaintiff in any manner.

3. Defendant shall stay at least 100 feet away from the

and _____

4. Defendant shall not contact the Plaintiff in any manner, including but not limited to: ✓ telephone, ✓ in writing,



*by facsimile, e-mail*

or ✓ in any other manner either directly or indirectly through a third party.

Further **ORDERED**, that this Order shall expire on the _9th_ day of _September_, 2005, unless extended for a like period for good cause shown; and that the parties shall next appear in Court on the _4th_ day of _September_, 2005, at 11:00 a.m. before Judge_Fisher_, Calendar # _1_, for the setting of a hearing date on the Plaintiff's Motion for Preliminary Injunction.

*Bruce D. Beaudin*
**JUDGE**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Juelithia G. Zellars,                               )
                                                    )
          Plaintiff,                      )
                                                    )
                                                    ) Civil Action No. 05-1670 (RBW)
      vs.                                   )
                                                    )
Ms. Terrie Warren,                                  )
                                                    )
          Defendant.                      )
_____ )

## DECLARATION OF MS. TERRIE WARREN

I, Ms. Terrie Warren, hereby declare and state as follows:

1. I am currently the Deputy Base Civil Engineer with the 11th Civil Engineering Squadron (11 CES) at Bolling AFB, grade GS-14. I have held this position since June 2002. Since July 2004, my immediate supervisor has been Colonel Dennis L. Jasinski, the Commander of the Bolling AFB Civil Engineering Squadron. As the Deputy Base Civil Engineer, my duties include responsibility for $80M design and construction program, $1.2B of infrastructure, 98 vehicles, 1,385 housing units—39 of which are General Officer Housing, approximately 350 employees (military and civil servants) and directing forward world-wide deployment of military troops. I have worked for the U.S. Air Force for twenty-one plus years. I have never had an employee, or any other individual seek a restraining order against me. I have been selected for a promotion to the Headquarters Air Force District of Columbia and will start that position in October 2005.

2. I know Ms. Juelithia Zellars. Ms. Zellars is employed as a Secretary (Office Automation), GS-0318-05, for the 11 CES and has worked with the Air Force for over 30 years. I am not ✓ Ms. Zellars immediate supervisor, but in the 11 CES organizational structure, I am assigned



several steps above Ms. Zellars and rarely interact with her.

3. At approximately 8:00 a.m. on the morning of May 13, 2005, Ms. Zellars asked myself and other members of 11 CES for administrative time off work for May 13, 2005 (5 hours) and May 16, 2005 (8 hours). Ms. Zellars was told that her request would be considered and she would be given a response later in the day.

4. At approximately 10:30 a.m. on May 13, 2005, Ms. Zellars approached Col Jasinski, the Commander of the 11 CES in a stairway as Col Jasinski was attempting to leave the building. Ms. Zellars again asked to take leave. Col Jasinski asked Ms. Zellars to follow him to the Resources Flight so Col Jasinski could speak to administrative personnel about this leave request. Once at the Resources Flight, Ms. Zellars stated that she wanted "official time" to work on a civilian personnel matter. Col Jasinski informed Ms. Zellars that she could have "official time," but that time would have to be taken at her duty station at Bolling AFB. Ms. Zellars stated she had a lot of material at her home and that she wanted the official time at her home. Col Jasinski informed Ms. Zellars she could bring those materials into the office as required. Ms. Zellars became very agitated and stormed off saying as she left that she was going to take this matter up with the base EEO office.

5. At 2:20 p.m. on May 13, 2005, a meeting took place between Ms. Greta Jones-Sanders, a Civilian Personnel Liaison for 11 CES, Ms. Zellars and myself. Ms. Zellars was provided a letter which stated her request for official time had been approved, but that such official time would have to be performed at the office. Ms. Zellars stated she needed a witness for the meeting and left. When Ms. Zellars returned, she had Mr. Brian Lepree, an employee of 11 CES with no involvement in this matter. As the meeting resumed, I explained to Ms. Zellars that she would be

2



authorized Official Administrative Leave that would have to be taken at her desk. Furthermore, I informed Ms. Zellars that she had to inform her supervisor if she had to leave to go somewhere else on base when she was leaving and where she was going. Ms. Zellars argued that these terms did not allow her the freedom to work from home where her documents were and said she would report me to the EEOC. I informed Ms. Zellars that she would not be assigned any other tasks during her Official Administrative Leave. Ms. Zellars tried on several occasions to take control of the meeting and more than once gave me the impression I worked for her. As the meeting culminated she was more defensive/argumentative and as a clarifying point I objected to a statement Ms. Zellars made. When I did so I moved forward and used a more stern tone of voice. A conference table remained between myself and Ms. Zellars and Mr. Lepree was standing directly to my left and blocking the path around the chair in Ms. Zellars' direction. To my great surprise, Ms. Zellars looked at me, looked at Mr. Lepree and then said I threatened her. I told Ms. Zellars she was dismissed and asked her to leave the room. Ms. Zellars continued to say I was threatening her and I had to repeat that she was dismissed a couple of times. Ms. Zellars called the base Security Forces squadron to report the threat. Security Forces took witness statements from everyone in the room and took no further action.

6.  On July 20, 2005, 1Lt Travis Guidt, Ms. Zellars' first-level supervisor, issued Ms. Zellars a Letter of Counseling and Leave Restriction which set forth 1Lt Guidt's continuing concerns about Ms. Zellars' continuing excessive use of unscheduled leave and tardiness. This letter also placed strict requirements on how and when Ms. Zellars could request leave in the future.

7.  The day after receiving that letter from 1Lt Guidt, July 21, 2005, Ms. Zellars filed a complaint, summons and motion for a Temporary Restraining Order in D.C. Superior Court based upon the



May 13, 2005, meeting with Ms. Warren. I was served with those papers on or about August 5, 2005.

8. On July 26, 2005, Ms. Zellars filed a claim for Workers' Compensation benefits with the U.S. Department of labor, claiming that the stress of the May 13, 2005, meeting caused nerve pain and neurological problems in her head, neck and back. That claim is still pending.

9. On August 3, 2005, 1Lt Guidt proposed Ms. Zellars' removal from Federal service. This was a non-disciplinary removal based upon non-availability for duty. This removal was proposed because Ms. Zellars was absent almost continuously from June 3, 2005, through July 25, 2005, except for 4.25 hours over several days. Ms. Zellars has not responded to this proposed removal action and the Deciding Official in the removal action, Col Jasinski, is deliberating about the proper course of action to take.

9. I believe that Ms. Zellars is attempting to use the May 13, 2005, meeting as a basis to try and delay or confuse her various pending personnel actions. In no way, shape or form did I threaten her during that meeting. I never made a verbal or written threat and there was definitely no physical contact between Ms. Zellars and myself. I believe the timing here displays Ms. Zellars' motivation. She did not seek a Temporary Restraining Order against me until more than two months had passed after the May 13, 2005, meeting. Indeed, her request for a restraining order was dated the day after she received a letter from 1Lt Guidt which set forth concerns about her continuing absences from the workplace.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of September 2005.

4



Ms. Terrie Warren, DAF, GS-14, PE
Deputy Base Civil Engineer

5





# AFFIDAVIT

STATE OF: <u>WASHINGTON D.C.</u>
COUNTY OF: <u>N/A</u>

I, <u>TERESA A. WARREN</u>, at <u>BOLLING AIR FORCE BASE, WASHINGTON, D.C.</u>, make the following statement under oath or affirmation pertaining to Equal Employment Opportunity Discrimination Complaint of Ms. Juelithia G. Zellars, Agency Docket Number 9L2W04210.

Pursuant to Public Law 93-579 (Privacy Act of 1974), as an individual supplying information for inclusion in a system of records, I have been informed of the following:

EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, I realize my failure to respond could result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.

AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended; Executive Order 10577; and 29 CFR 1614.

PURPOSE AND USES: The information supplied will be used as part of the record in an equal employment opportunity discrimination complaint or grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal intelligence agencies, or to others as published in the Federal Register.

My name is Teresa A. Warren. My race/color is Caucasian/white. I have personally filed an EEO related complaint previously (not while assigned to Bolling AFB), and have previously participated as a management witness in other complaints.

During the July-September 2004 timeframe, I was assigned to the position of Deputy Base Civil Engineer, 11th Civil Engineer Squadron (CES), Bolling Air Force Base, Washington, D.C. I was assigned to this position from July 2002 to January 7, 2006. While in this position my primary duties and responsibilities were to assist the Base Civil Engineer and my immediate supervisor was in all operations, personnel management, planning and oversight of Base Civil Engineer responsibilities at Bolling. My immediate supervisor was Colonel Dennis L. Jansiski. I served as the immediate supervisor of five CE flight chiefs, the commander's secretary and two career enhancers and served as the rater of the employees. I served as the indirect supervisor of about 300 military and civilian personnel assigned to CES. I served as the performance reviewer for all civilian employees in the Squadron, i.e.,

Page 1 of 4 pages                          Affiant's initials: _____





about 160 personnel. Since the Operations Flight Chief is a military position, I did not have immediate supervision over that position. However, when Major Svoboda, Operations Chief, was deployed during the period of May-September 2004, I temporarily served as the immediate supervisor of the Acting Chief, Mr. Gary Kremer, the permanent Deputy of Operations Flight. The personnel under my supervision, both military and civilian, were of various races and color, to include African American.

In August 2004, I directed Mr. Kremer to reassign the Operations Flight secretary, Ms. Juelithia Zellars, to the Maintenance Engineering Element within Operations Flight as the Maintenance Engineering secretary. Mr. Kremer did not object and totally agreed with the action. The reason I directed the reassignment was to quell the friction between Ms. Zellars and Mr. Kremer. I also wanted to place Ms. Zellars in an area where her skills were really needed and under the supervision of a top-performing supervisor with good mentoring, guidance and technical skills, Mr. Mel Holston. Shortly thereafter, upon the return of Major Svoboda, he checked the manning document and decided to place her under the element chief, Lieutenant Horan. I did not object so long as she serviced contracts under Mr. Holston. The reassignment did not adversely affect Ms. Zellars in terms of her pay grade. However, her title changed from Operations Flight Secretary to Maintenance Engineering Secretary. Ms. Lisa Winston, the Maintenance Engineering Secretary, was transferred to be the Operations Flight Secretary. Since then, Ms. Winston has temporarily been assigned as the Civil Engineer Squadron secretary pending fill of that position.

I was aware of Ms. Zellars race and color at the time of her reassignment, as well as her participation in previous EEO activity. However, those factors did not motivate or influence the decision to reassign her. Ms. Winston is also African American and the position of Operations Flight Secretary since Ms. Zellars departed that position has been filled only on a temporary basis by the assignment of various military and civilian personnel of various races and color. To my knowledge, since October 1, 2004, the position has been vacant.

Affiant's initials: ___TW___



Prior to directing Mr. Kremer to issue the memorandum to reassign Ms. Zellars, I consulted with the Bolling AFB EEO Manager, Mr. Paul Lucas, since Ms. Zellars had several EEO complaints in the systems and I want to avoid any appearances of retaliation or wrong doing. I consider it good management practice to have open communication with EEO and Human Resource officials. I discuss the situation, and alternative with him, regarding the ongoing friction between Ms. Zellars and Mr. Kremer, which had a counterproductive and disruptive affect on the efficiency of the organization, and had caused Ms. Zellars to seek EEO counseling in many cases. I could not move Mr. Kremer and his skills were critical to Operations Flight. I considered that Ms. Zellars' skills were transportable and actually gave her an opportunity to expand her career in Civil Engineering. Mr. Lucas advised that it was management's right to effect the move, with or without her consent. I believe Ms. Sandra Daniels, Labor Relations Specialist, also was consulted. As I recall, management was advised that the notice to her of the reassignment should be in writing with an effective date, that the Union did not have to be consulted, and that the action could be made effective immediate. Ms. Zellars was being reassigned within Operations Flight, and there was no need to consult managers outside the CES. In case of reassignments outside the organization, the Civilian Personnel Flight would have a more active role.

Although Ms. Zellars was given a report date of August 26, 2004, she did not actually report to her new assignment for several days. During the July-September 2004 timeframe, the Operations Flight was being renovated. Ms. Zellars did not have a positive working relationship with her peers and supervisors, and was argumentative, confrontational and disagreeable. In fact I would consider Ms. Zellars to be intimidating and combative toward other squadron personnel. For this reason, many employees and officials avoid her in order to avoid confrontation with her. However, the renovation had nothing to do with the decision to reassign Ms. Zellars, and the only reason she was reassigned was to quell the friction between her and Mr. Kremer. None of my actions regarding the reassignment were motivated or influenced by Ms. Zellars' race, color, participation in EEO activity or any other impermissible factor. The decision was not my first choice, but, ultimately the only solution within my ability to implement in order to maximize productivity. Ms. Zellars was not the

COPY

*Name: TERESA A. WARREN*
*RE: Agency Docket No: 9L2W04210*

only employee within the CES that has been reassigned. In addition to Ms. Zellars, within the last two years I have been involved in the reassignment (both voluntary and involuntary for rotational and career broadening purposes) of approximately eleven civilian employees within the CES, three white, six African American, and two Asian. The grade ranges of the reassigned personnel was from GS-05 to GS-14, including a GS-318-05 secretary in addition to Ms. Zellars. Thus, I do not believe Ms. Zellars was singled out or treated any differently from personnel in other areas and of various grades. My only purpose of reassigning personnel is to enhance the efficiency and effectiveness of the organization.

END OF STATEMENT

*I have read the above statement, consisting of __04__ page(s), and swear/affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.*

*Subscribed and sworn:*

*at: BOLLING AIR FORCE BASE, WASHINGTON, D.C.*

*on this __11TH__ day of __JANUARY__ 2006*

[signature]
*Affiant's Signature*

____________________
*Title*

[signature] 1/11/06
*Investigator's Signature* *Date*

COPY

Affiant's initials: TW

# EXHIBIT 2





# United States Treasury

15-51/000    P 028,742,682

Check No.    

04 13 06   35   PHILADELPHIA, PA          2049 81742865
    2049 81742865 16150002 M1   OWCP-MISC. 0125060413

Pay to
the order of
JUELITHIA    ZELLARS
1708 DENNIS COURT                         $*****24*14
FORESTVILLE MD 20747

                                          VOID AFTER ONE YEAR

REGIONAL DISBURSING OFFICER
198

OWCP MED SVC PMNT.   REMIT VCHR# 352590
MAILED SEPARATELY. REF NUMBER: 1705851

81742865
-011574

⑈20493⑈  ⑆000000518⑆  817428656⑈ 010406



*Received Crystal Mahaffey Office Automation Assistant 8|8|05 Cm Civilian Resource)*

*66 of 175* *Received 8 Aug 05 MSgt David Zisla Superintendent, MAAX Engineers For Lt. Frank Grudt*

**al Employee's Notice of ~~Traumatic~~ Injury and Claim for ~~Continuation of Pay/Compensation~~**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

**Employee:** Please complete all boxes 1 - 15 below. Do not complete shaded areas.
**Witness:** Complete bottom section 16.
**Employing Agency** (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.

**Employee Data**

1. Name of employee (Last, First, Middle)
*Zellars Judithia G.*

2. Social Security Number
*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*

3. Date of birth  Mo. Day Yr.
*8 17 53*

4. Sex  ☐ Male  ☑ Female

5. Home telephone
*(301) 324-1107*

6. Grade as of date of injury  Level *5*  Step *10*

7. Employee's home mailing address (Include city, state, and ZIP code)
*1708 Dennis Ct. Forestville, Maryland 20747*

8. Dependents
☐ Wife, Husband
☐ Children under 18 years
☐ Other

**Description of Injury**

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine) *Ms Terri Warren's office Bldg 370, 2nd Floor*
*11th Civil Engineer, Sq./370 Brookley Ave (2nd Floor) Building (Bolling AFB) Wash. D.C.*

10. Date injury occured  Mo. Day Yr.
*5 13 05*

Time *Approx* ☐ a.m.  *3:30* ☑ p.m.

11. Date of this notice  Mo. Day Yr.
*7 26 05*

12. Employee's occupation
*Secretary*

13. Cause of injury (Describe what happened and why)
*I was in Ms Terri Warren's office, 11CES/CD. She became angry, raised her voice and pointed her fingers at me, she rushed twice towards me, as to indicate she was going to hurt me, I thought so—the stress caused nerve pain, Ms Warren's actions caused me to miss week from work. See Repts*

14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg)
*Head, neck, back, injury neurological problems (witness Rept 5/13/05)*

a. Occupation code

b. Type code    c. Source code

OWCP Use - NOI Code

**Employee Signature**

15. I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

☑ b. Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

☑ a. Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

Signature of employee or person acting on his/her behalf *Judithia G. Zellars*   Date *7/26/05*

Any person who knowingly makes any false statement, misrepresentation, concealment of a fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

Have your supervisor complete the receipt attached to this form and return it to you for your records.

**Witness Statement**

16. Statement of witness (Describe what you saw, heard, or know about this injury)

| | | |
|---|---|---|
| Name of witness | Signature of witness | Date signed |
| Address | City | State | ZIP Code |

Form CA-1
Rev. Apr. 1998

Authorization for Examination
And/Or Treatment

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

RECEIVED

CIVILIAN PERSONNEL OFFICE

| | OMB No.: 1215-0103 |
| | Expires:    10-31-99 |

The following request for information is required under (5 USC 8101 et. seq.). Benefits and/or medical services expenses may not be paid or may be subject to suspension under this program unless this report is completed and filed as requested. Information collected will be handled and stored in compliance with the Freedom of Information Act, the Privacy Act of 1974 and OMB Cir. No. A-108.

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

## PART A - AUTHORIZATION

1. Name and Address of the Medical Facility or Physician Authorized to Provide the Medical Service:

David T. Isaacs, M.D.

Emerson L. Coronel, M.D.
5001 Silver Hill Rd, Suite 101
Suitland, MD 20746-5215

*SEE ATTACHED*

| 2. Employee's Name (last, first, middle) | 3. Date of Injury (mo. day, yr.) | 4. Occupation |
| | | |

5. Description of Injury or Disease:

6. You are authorized to provide medical care for the employee for a period of up to sixty days from the date shown in item 11, subject to the condition stated in item A, and to the condition indicated either 1 or 2, in item B.

A. Your signature in item 35 of Part B certifies your agreement that all fees for services shall not exceed the maximum allowable fee established by OWCP and that payment by OWCP will be accepted as payment in full for said services.

B. ☐ 1. Furnish office and/or hospital treatment as medically necessary for the effects of this injury. Any surgery other than emergency must have prior OWCP approval.

☐ 2. There is doubt whether the employee's condition is caused by an injury sustained in the performance of duty, or is otherwise related to the employment. You are authorized to examine the employee using indicated non-surgical diagnostic studies, and promptly advise the undersigned whether you believe the condition is due to the alleged injury or to any circumstances of the employment. Pending further advice you may provide necessary conservative treatment if you believe the condition may be to the injury or to the employment.

| 7. If a Disease or Illness is Involved, OWCP Approval for Issuing Authorization was Obtained from: (Type Name and Title of OWCP Official) | 8. Signature of Authorizing Official: |
| | |
| | 9. Name and Title of Authorizing Official: (Type or print clearly) |
| 10. Local Employing Agency Telephone Number: | 11. Date (mo., day, year) |
| 12. Send one copy of your report: (Fill in remainder of address) | 13. Name and Address of Employee's Place of Employment: |
| U.S. DEPARTMENT OF LABOR<br>Employment Standards Administration<br>Office of Workers' Compensation Programs | Department of Agency<br><br>Department of the Air Force<br>11th WG/DPCWE<br>110 Luke Avenue, Suite 300<br>Bolling AFB, DC 20332-0300 |

Public Burden Statement

We assume that it will take an average of 5 minutes to complete this collection of information, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, write to the Office of Workers' Compensation Programs, U.S. Department of Labor, Constitution Avenue, N.W., Washington, D.C. 20210.

RETURN COMPLETED FORM TO THIS OFFICE

Form CA-16
Rev. Jan. 1997

680717

Civilian Personnel Flight

**PART B - ATTENDING PHYSICIAN'S REPORT**

14. Employee's Name (last, first, middle)

*ZELLARS G TERI ITYYA*

15. What History of Injury or Disease Did Employee Give You?    5/13/05, MILITARY ANXIETY SYNDROME

*VERBALLY ADDRESSED BY SUPERVISOR*

16a. IDC-9 Code
*MAXIMUM ANX,*    IV-XXXX9

16. Is there any History or Evidence of Concurrent or Pre-existing Injury, Disease, or Physical Impairment? (If yes, please describe)

☐ Yes    ☒ No

17. What are Your Findings? (Include results of x-rays, laboratory tests, etc.)

*SEVERE ANXIETY REACTION*

18. What is Your Diagnosis?
*ACUTE ANXIETY REACTION*

18a. IDC-9 Code

19. Do You Believe the Condition Found was Caused or Aggravated by the Employment Activity Described? (Please explain your answer if there is doubt)

☐ Yes    ☐ No

20. Did Injury Require Hospitalization?
If yes, date of admission (mo., day, year)
Date of discharge (mo., day, year)

☐ Yes    ☒ No

21. Is Additional Hospitalization Required?
☐ Yes    ☐ No    NA

22. Surgery (If any, describe type)    *NA*

23. Date Surgery Performed (mo., day, year)    *NA*

24. What (Other) Type of Treatment Did You Provide?
*SYMPTOMATIC / COUNSELING / MEDICAL*

25. What Permanent Effects, If Any, Do You Anticipate?
*NOT CERT*

26. Date of First Examination (mo., day, year)    27. Date(s) of Treatment (mo., day, year)
*6-17-05* *(tm)* *6/17/05* *(6/1/05)* *7/1/05* *8/2/05*

28. Date of Discharge from Treatment (mo., day, year)
*NOT YET*

29. Period of Disability (mo., day, year) (If termination date unknown, so indicate)
Total Disability: From          To
Partial Disability: From          To

30. Is Employee Able to Resume
☐ Light Work    Date:
☐ Regular Work    Date:

31. If Employee is Able to Resume Work, Has He/She been Advised?    ☒ Yes    ☐ No    If Yes, Furnish Date Advised
*HAD HAVING SYMPTOMS AND MISSING SOME WORK*

32. If Employee is Able to Resume Only Light Work, Indicate the Extent of Physical Limitations and the Type of Work that Could Reasonably be Performed with these Limitations.    *NA*

33. General Remarks and Recommendations for Future Care, If Indicated. If you have made a Referral to Another Physician or to a Medical Facility, Provide Name and Address.
*NEEDS FURTHER F/U*

34. Do You Specialize?    ☒ Yes    ☐ No    (If yes, state specialty)

35. SIGNATURE OF PHYSICIAN. I certify that all the statements in response to the questions asked in Part B of this form are true, complete and correct to the best of my knowledge. Further, I understand that any false or misleading statement or any misrepresentation or concealment of material fact which is knowingly made may subject me to felony criminal prosecution.

36. Address (No., Street, City, State, ZIP Code)
*5001 SILVER HILL RD #11*
*SUITLAND MD 20746*

37. Tax Identification Number
*52-211044*

38. National Provider System Number

39. Date of Report
*8/1/05*

MEDICAL BILL: Charges for your services should be presented to the AMA standard "Health Insurance Claim Form" (AMA OP 407/408/409; CWOPH 300a, or HCFA 1500). Service must be itemized by Current Procedural Terminology Code (CPT 4) and the form must be signed.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellars, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 05-1670 (RBW) |
| | ) |
| Ms. Terrie Warren, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF MR. PAUL LUCAS

I, Mr. Paul Lucas, hereby declare and state as follows:

1. I am currently the Equal Employment Opportunity (EEO) Manager at Bolling AFB. I have held this position since 20 Jan 2003. Since July 2004, my immediate supervisor has been Colonel Bruce W. Dean, former Chief of Staff for the Headquarters 11th Wing. Since July of 2005, I have reported to Mr Edward R. Ophof, Director of Staff, 11th Wing. I provide complete oversight of the Bolling Air Force Base EEO Discrimination Complaints Program. I have held this position for 2.7 years.

2. I know Ms. Juelithia Zellars; an Air Force employee who has filed several EEO complaints and has demonstrated frequent utilization of the EEO complaints process to find resolution for many happenings within her unit of employment. Below, she has filed the following docketed complaints:

-Complaint #, Accepted issues and current status:

9L2W04201 – FRAMED ISSUES AND BASIS – Pending investigation (8/1/05)

09/29/2005 10:24 FAX 2024047533        MEO EEO                                   ☒003

Whether the complainant was discriminated against on the basis of Color (Brown), Race (Black American Indian) and Reprisal (past participation in EEO cases, 7/12/04 - 6/30/03 - 12/17/02) when, on 24 Aug 04, Mr Kremer (acting supervisor) verbally directed a management re-assigned of complainant's place of duty/supervisor.

## 9L2W04202 – FRAMED ISSUES AND BASIS – Pending dismissal as a "discrete act"

Whether the complainant was discriminated against on the basis of Reprisal (past participation in EEO complaints, 9/20/04 - 7/12/04 - 6/30/03 - 12/17/02) when, Mr Kremer (acting Branch Chief) and Mr Holston, (supervisor) subjected her to non-sexual harassment on 2 Sep 04, when she was told to sit at a desk with no lights.

## 9L2W05002 – FRAMED ISSUES AND BASIS – Pending dismissal (untimely)

Whether the complainant was discriminated against on the basis of Race (Black American Indian) and Disability (Physical), when she was allegedly subjected to non-sexual harassment on 27 Sep 04, when Mr Kremer prematurely re-assigned her duty location during a renovation and would not allow her to return to her office when it was completed.

## 9L2W05003 – FRAMED ISSUES AND BASIS – Pending dismissal (untimely)

Whether the complainant was discriminated against on the basis of Race (Black American Indian), Sex (Female) and Reprisal (past participation in EEO complaints, 9/20/04 - 7/12/04 - 6/30/03 - 12/17/02) when, on 6 Oct 04, Maj Svoboda (past immediate supervisor) told her that she was removed from her position because she previously filed

2



an EEO complaint against Mr Gary Kremer (Deputy, CEO).

9L2W05018 - FRAMED ISSUES AND BASIS - Issues w/ getting mail to (C); awaiting her response to Right to File Formal notice.

Whether Ms. Zellars was discriminated and reprised against, (prior EEO activity: Dec 10, 2004 [9L2W05003], Nov 1, 2004 [9L2W05002], September 3, 2004 [9L2W04202], September 2, 2004 [9L2W04201], and July 12, 2004 [9L2W04192]) when, MSgt Tracy Johnson issued her a Letter of Concern on 18 March 2005 regarding "excessive use of unscheduled leave and tardiness".

9L2W05030 - FRAMED ISSUES AND BASIS - Ms Zellars has not picked up her certified mail; awaiting her response to Right to File Formal notice.

Complainant submitted a letter generally stating negative comments about the EEO counselor for her prior complaints. She also restated matters that are pending and have been already decided upon by the agency and the Commission. She did not claim her mail to date and has not filed formal as of the date of this declaration.

9L2W03151R - FRAMED ISSUES AND BASIS - Investigation completed, no inferences; pending FAD. The issue below, as specified in (*i) involves Ms Warren. Other issues ((a-h) not shown) do not involve Ms. Warren.

*i. "Was the complainant discriminated against base on her race (American Indian) and her color (brown) when on 9 June 2003, Ms. Terrie Warren allegedly said that the

3

complainant was not a team player."

3. Ms. Zellars did not file an EEO complaint against Ms. Warren regarding the incident that allegedly occurred between herself and Ms. Terri Warren on May 13, 2005. She did include the incident in her EEO complaint as Docketed 9L2W05030. The information was provided as background information regarding her complaint against the EEO counselor. Complaint 9L2W05030 has not been filed formally and thus no final agency decision has been issued. Ms. Warren was named by the complainant in EEO 9L2W05002 and 9L2W03151R, listed above. These EEO complaints by Ms. Zellars naming Ms. Warren were filed within the last 180 days and all are still pending a final agency decision.

4. Regarding the incident on the May 13, 2005 between herself and Ms. Terrie Warren, I was contacted by both parties on the date that the alleged incident occurred. I advised both that since the matter involved allegations of threats and physical assault, it was appropriate for the Base Security Forces team to take a report or conduct an investigation when responding to calls initiated by either of them.

5. I interacted with Ms. Warren for more than 2 hours on the day of the alleged incident as well as a number of occasions regarding EEO activity within CES. That day in particular, I reestablished my role as the EEO Officer is to be an advisor to the Senior Commander and staff in my assigned area of expertise. My function requires that we act as neutrals and not advocate for any persons in the complaints process. I participated in a strategic planning session with her, Ms. Blythe McGinty and Ms. Greta Jones-Sanders, CES Personnel Resources. We arrived at a meeting of the minds to assist Ms. Zellars in meeting her

4

immediate needs to by granting her official time to prepare for her upcoming EEO

investigation the next week.

6.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge.

Executed this 29 day of September 2005.

PAUL E. LUCAS

## Zellars Juelithia G GS-05 11 CES/CEO

| | |
|---|---|
| **From:** | Lucas Paul E GS-12 11 WG/CCD |
| **Sent:** | Monday, May 09, 2005 2:40 PM |
| **To:** | Guidt Travis C 1Lt 11 CES/CEOE; McGinty Blythe A GS-13 11 CES/CER; Jones-Sanders Greta GS-12 11 CES/CERM |
| **Cc:** | Zellars Juelithia G GS-05 11 CES/CEO |
| **Subject:** | Request by Ms Zellars for Official Time |
| **Importance:** | High |

**Ms Zellars requested that I forward the cite in the EEOC's regulation that states the agency shall grant the complainant official time to prepare EEO complaint responses. See below for exact language. Please do your utmost to accommodate her to prepare her for the impending investigation on 11 May @ 0800. It would not be beneficial to either the AF or complainant, if either party was ill prepared. Please call me if you have concerns or questions.**

PART 1614--FEDERAL SECTOR EQUAL EMPLOYMENT OPPORTUNITY

### 1614.605 Representation and official time.

(a) At any stage in the processing of a complaint, including the counseling stage under 1614.105, the complainant shall have the right to be accompanied, represented, and advised by a representative of complainant's choice.

(b) If the complainant is an employee of the agency, he or she shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and to respond to agency and EEOC requests for information. If the complainant is an employee of the agency and he designates another employee of the agency as his or her representative, the representative shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and respond to agency and EEOC requests for information. The agency is not obligated to change work schedules, incur overtime wages, or pay travel expenses to facilitate the choice of a specific representative or to allow the complainant and representative to confer. The complainant and representative, if employed by the agency and otherwise in a pay status, shall be on official time, regardless of their tour of duty, when their presence is authorized or required by the agency or the Commission during the investigation, informal adjustment, or hearing on the complaint.

(c) In cases where the representation of a complainant or agency would conflict with the official or collateral duties of the representative, the Commission or the agency may, after giving the representative an opportunity to respond, disqualify the representative.

(d) Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. **When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.** The complainant must serve all official correspondence on the designated representative of the agency.

(e) The Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative.

1



(f) Witnesses who are Federal employees, regardless of their tour of duty and regardless of whether they are employed by the respondent agency or some other Federal agency, shall be in a duty status when their presence is authorized or required by Commission or agency officials in connection with a complaint.


*PAUL E. (LUKE) LUCAS*
EEO Manager
HQ 11 WG/CCD
Bolling AFB, DC  20032-5100

Voice: 202-404-8816, Fax: 7533  (DSN: 754)
Duty Cell: 202-329-0133

Privacy Act of 1974, as amended applies.  This document contains information which must be protected IAW AFI 33-332 and DoDR 5400.11 and is For Official Use Only (FOUO).



**Zellars Juelithia G GS-05 11 CES/CEO**

| | |
|---|---|
| **From:** | Lucas Paul E GS-12 11 WG/CCD |
| **Sent:** | Monday, May 09, 2005 3:18 PM |
| **To:** | Guidt Travis C 1Lt 11 CES/CEOE; McGinty Blythe A GS-13 11 CES/CER; Jones-Sanders Greta GS-12 11 CES/CERM |
| **Cc:** | Zellars Juelithia G GS-05 11 CES/CEO |
| **Subject:** | RE: Request by Ms Zellars for Official Time |

Thanks for your cooperation.

LUKE
CCD

-----Original Message-----
| | |
|---|---|
| **From:** | Guidt Travis C 1Lt 11 CES/CEOE |
| **Sent:** | Monday, May 09, 2005 2:47 PM |
| **To:** | Lucas Paul E GS-12 11 WG/CCD; McGinty Blythe A GS-13 11 CES/CER; Jones-Sanders Greta GS-12 11 CES/CERM |
| **Subject:** | RE: Request by Ms Zellars for Official Time |

Sir,

Not a problem. Just needed to confirm appointment/time off was authorized.

VR
Lt Guidt

-----Original Message-----
| | |
|---|---|
| **From:** | Lucas Paul E GS-12 11 WG/CCD |
| **Sent:** | Monday, May 09, 2005 2:40 PM |
| **To:** | Guidt Travis C 1Lt 11 CES/CEOE; McGinty Blythe A GS-13 11 CES/CER; Jones-Sanders Greta GS-12 11 CES/CERM |
| **Cc:** | Zellars Juelithia G GS-05 11 CES/CEO |
| **Subject:** | Request by Ms Zellars for Official Time |
| **Importance:** | High |

**Ms Zellars requested that I forward the cite in the EEOC's regulation that states the agency shall grant the complainant official time to prepare EEO complaint responses. See below for exact language. Please do your utmost to accommodate her to prepare her for the impending investigation on 11 May @ 0800. It would not be beneficial to either the AF or complainant, if either party was ill prepared. Please call me if you have concerns or questions.**

PART 1614--FEDERAL SECTOR EQUAL EMPLOYMENT OPPORTUNITY

**1614.605 Representation and official time.**

(a) At any stage in the processing of a complaint, including the counseling stage under 1614.105, the complainant shall have the right to be accompanied, represented, and advised by a representative of complainant's choice.

(b) If the complainant is an employee of the agency, he or she shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and to respond to agency and EEOC requests for information. If the complainant is an employee of the agency and he designates another employee of the agency as his or her representative, the representative shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and respond to agency and EEOC requests for information.

The agency is not obligated to change work schedules, incur overtime wages, or pay travel expenses to facilitate the choice of a specific representative or to allow the complainant and representative to confer. The complainant and representative, if employed by the agency and otherwise in a pay status, shall be on official time, regardless of their tour of duty, when their presence is authorized or required by the agency or the Commission during the investigation, informal adjustment, or hearing on the complaint.

(c) In cases where the representation of a complainant or agency would conflict with the official or collateral duties of the representative, the Commission or the agency may, after giving the representative an opportunity to respond, disqualify the representative.

(d) Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. **When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.** The complainant must serve all official correspondence on the designated representative of the agency.

(e) The Complainant shall at all times be responsible for proceeding with the complaint whether or not he or she has designated a representative.

(f) Witnesses who are Federal employees, regardless of their tour of duty and regardless of whether they are employed by the respondent agency or some other Federal agency, shall be in a duty status when their presence is authorized or required by Commission or agency officials in connection with a complaint.


*PAUL E. (LUKE) LUCAS*
EEO Manager
HQ 11 WG/CCD
Bolling AFB, DC  20032-5100

Voice: 202-404-8816, Fax: 7533  (DSN: 754)
Duty Cell: 202-329-0133

Privacy Act of 1974, as amended applies.  This document contains information which must be protected IAW AFI 33-332 and DoDR 5400.11 and is For Official Use Only (FOUO).



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUELITHIA G. ZELLERS, )<br><br>    Plaintiff, )<br>v. )<br><br>TERRIE WARREN, )<br><br>    Defendant. )<br>_____) | Civil Action No. 06-1024 (RBW) |

## ORDER

The plaintiff, proceeding pro se, initiated this action in the Superior Court for the District

of Columbia against defendant Terrie Warren, alleging assault. Complaint ("Compl.") at 1.

Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, and 2679(d)(2) and 28 C.F.R. § 15.4, and

based on a certification that Ms. Warren was acting within the scope of her employment as an

employee of the United States at the time of the alleged incident, the United States was

substituted for Ms. Warren as the defendant after this action was removed to this Court. Notice

of Removal of a Civil Action ("Notice of Removal") at 1-2. This action appears identical to an

earlier action, which this Court has dismissed. See Zellers v. Warren, No. 05-1670, (D.D.C. Apr.

20, 2006). Accordingly, it is hereby this 13th day of June, 2006,

**ORDERED** that the plaintiff shall show cause by June 28, 2006, why this case should

not be dismissed for the reasons set forth in this Court's earlier Memorandum Opinion and under

the doctrine of res judicata. Failure to respond to this order will result in this case being

dismissed.

    **SO ORDERED**.

                            REGGIE B. WALTON
                            United States District Court Judge



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Juelithia G. Zellars,           )
1708 Dennis Court               )
Forestville, Maryland 20747     )
                                )
        Plaintiff,              )

    v.                          CASE NUMBER   1:06CV01024

Ms. Terrie Warren,              JUDGE: Reggie B. Walton
11th Civil Engineer Square
Deputy Base Civil Engineer      DECK TYPE: Personal Injury/Malpractice
370 Brookley Avenue
Bolling, AFB, 20032             DATE STAMP: 06/02/2006
                                )
        Defendant.              )
                                )

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, Teresa Warren, a civilian employee of the United States Air Force, by her undersigned attorney, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1446.  In support of that motion, the Defendant states as follows:

1.   Teresa Warren, a civilian employee of the United States Air Force, is the defendant in a civil action now pending in the Superior Court of the District of Columbia, Civil Action No. 06003713 entitled Zellars v. Warren.

2.   The above entitled action was filed on May 13, 2006. Defendant Warren was served on May 31, 2006. Proper service of a summons and complaint on the United States has not yet been effected.  A copy of the complaint and other court filings



received by the United States Attorney is attached as Exhibit A.

3.    The allegations in this suit are identical to those raised in Superior Court C.A. 05000536.  That case was removed to Federal District Court on August 22, 2005 and assigned as C.A. 1:05-cv-01670-RBW.  Based on a certification that Ms. Warren was acting within the scope of her employment as an employee of the United States at the time of the alleged incident, the United States was substituted for Ms. Warren as the defendant.  In a Memorandum Opinion and Order dated April 20, 2006, the Honorable Reggie B. Walton dismissed Plaintiff's claim for lack of Subject Matter Jurisdiction finding that Plaintiff's claims fell within the exclusive remedy provision of the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq. (2000). Plaintiff makes the same allegations in the current suit and further alleges that Ms. Warren violated the D.C. Superior Court's August 23, 2005 Temporary Restraining Order.  This order, however, was vacated by the Honorable Reggie B. Walton in an order dated August 31, 2005. The order vacating the Superior Court order and dismissing the suit are attached as Exhibit B.

4.    This notice of removal is brought pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446 and 2679(d)(2).  Plaintiff alleges that the Defendant, her supervisor at Bolling Air Force Base, raised her voice, pointed her finger and rushed at her as to indicate Defendant would hurt the Plaintiff.  Plaintiff alleges

2



the incident occurred during a meeting to discuss Plaintiff's request for work place benefits. Accordingly, Rudolph Contreras, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incidents. Pursuant to 28 U.S.C. § 2679(d)(2), the United States should now be substituted for Teresa Warren in this action.

Wherefore, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446 and 2679(d)(2).

Respectfully submitted,

KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Juelithia G. Zellars,<br>1708 Dennis Court<br>Forestville, Maryland 20747 | )<br>)<br>)<br>) |
| Plaintiff, | )  Civil Action No. |
| v. | )<br>) |
| Ms. Terrie Warren,<br>11th Civil Engineer Square<br>Deputy Base Civil Engineer<br>370 Brookley Avenue<br>Bolling, AFB, 20032 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and redelegated to me on March 20, 2006, hereby certify that I have read the complaint in <u>Zellars v. Warren</u>.  On the basis of the information now available to me with respect to the incidents alleged therein, I find that Defendant Teresa Warren was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents.

June 1, 2006

_____
RUDOLPH CONTRERAS D.C. Bar No.   434122
Assistant United States Attorney
Chief, Civil Division



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

Juelithia G. Zellars,                     )
1708 Dennis Court                         )
Forestville, Maryland 20747               )
                                          )
              Plaintiff,                  )  Civil Action No. 06003713
                                          )
        v.                                )
                                          )
Ms. Terrie Warren,                        )
11th Civil Engineer Square                )
Deputy Base Civil Engineer                )
370 Brookley Avenue                       )
Bolling, AFB, 20032                       )
                                          )
              Defendant.                  )

## NOTICE OF FILING NOTICE OF REMOVAL OF A CIVIL ACTION

TO:  Juelithia G. Zellers,
     1708 Dennis Court
     Forestville, Maryland 20747

     Plaintiff _pro se_

     PLEASE TAKE NOTE that on June 2, 2006, the Federal Defendant in this action filed with the Clerk of the United States District Court for the District of Columbia a notice of removal in the above captioned civil action.  The Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).



Respectfully submitted,

KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**



|  |  |
|---|---|
| Juelithia G. Zellers, | ) |
| Plaintiff, | ) Civil Action No. 05-1670(RBW) |
| v. | ) |
| Ms. Terrie Warren, | ) |
| Defendant. | ) |

---

## ORDER

Upon consideration of Defendants' Motion to Vacate the Superior Court order issued August 23rd 2005 and the entire record of this case, it is hereby

ORDERED that Defendants' Motion to Vacate the Superior Court Order is GRANTED.

Dated this _____ 30th _____ day of _____ August _____,
2005.

_____
REGGIE B. WALTON
United States District Judge

Copies to:
Juelithia G. Zellers,
1708 Dennis Court
Forestville, Maryland 20747



## Certificate of Service

I certify I caused a copy of the foregoing Notice of Removal to be served by first class mail upon *pro se* plaintiffs at:

    Juelithia G. Zellars,
    1708 Dennis Court
    Forestville, Maryland 20747

on this 2nd of June 2006.


KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895

## Certificate of Service

I certify I sent a copy of the foregoing Plaintiff's Motion to Remand Action to be
served by first class mail to the following person(s) on this 28 June 2006 at:

Kevin K. Robitaille
Special Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9895

JUELITHIA G. ZELLARS
1708 Dennis Court
Forestville, Maryland 20747
(301) 324-1107

