UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUELITHIA G. ZELLERS, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>TERRIE WARREN, )<br>)<br>    Defendant. )<br>) | Civil Action No. 06-1024 (RBW) |

**ORDER**

The plaintiff, proceeding pro se, initiated this action in the Superior Court for the District of Columbia against defendant Terrie Warren, alleging assault. Complaint ("Compl.") at 1. Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, 2679(d)(2), and 28 C.F.R. § 15.4, and based on a certification that Ms. Warren was acting within the scope of her employment as an employee of the United States at the time of the alleged assault, the United States was substituted for Ms. Warren as the defendant after this action was removed to this Court. Notice of Removal of a Civil Action ("Notice of Removal") at 1-2. Because this action appeared identical to an earlier action, which this Court has dismissed, see Zellers v. Warren, No. 05-1670, (D.D.C. Apr. 20, 2006), this Court issued an order directing the plaintiff to show cause why her complaint in this case should not be dismissed on the grounds that it has been previously litigated. June 13, 2006 Order. That same Order advised the plaintiff that the failure to respond by June 28, 2006, would result in this case being dismissed. As a result of the plaintiff neither filing a response nor requesting an extension of time to file a response to the Court's Order explaining why her case should not be dismissed on June 28, 2006, this Court dismissed the plaintiff's complaint. June 30, 2006 Order.

The plaintiff asserts that on June 28, 2006, a court employee advised her "that the court would be open 24 hours to file court documents through the drop box." Pl.'s Mot. at 1. The plaintiff states that she attempted to file her response at 11:30 p.m. that evening because her feet were swollen earlier in the day. Id. at 2. However, after arriving at the courthouse and then walking around the perimeter of the building with her young daughter, "it appeared that the entire District Court was closed for the night. The [p]laintiff began to believe she was misinformed." Id. at 1. When the plaintiff returned to the courthouse at 9:00 a.m. the next day (June 29, 2006) to try again, she spoke with the same court employee and realized that because of the darkness, she had overlooked the notice posted on the door instructing people where to submit filings after the close of the court's regular operating hours. Id. at 1-2. On July 7, 2006, the Court received the plaintiff's motion for relief from this Court's June 30, 2006 Order dismissing her complaint for failure to respond to its show cause Order. Plaintiff's Motion to Backdate Pleading. ("Pl.'s Mot."). The plaintiff requests that the Court reinstate her complaint because of the "unforeseen circumstances" which prevented her from filing a timely response. Id. at 2.

Upon review of the record, the Court finds that the plaintiff, who is proceeding pro se, attempted to file a timely response to the Court's Order to show cause but could not find the drop box to submit her papers due to the dark conditions at the courthouse. Courts of this Circuit have interpreted the Supreme Court's instruction in Haines v. Kerner, 404 U.S. 519, 520 (1972) that the complaint of a pro se plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers," as encompassing all filings submitted by pro se litigants, and not just their pleadings. See, e.g. Richardson v. United States 193 F.3d 545, 548 (D.C.Cir.1999) (holding that "[c]ourts must construe pro se filings liberally") (citing Haines, 404 U.S. at 520); Voinche v.

FBI, 412 F.Supp.2d 60, 70 (D.D.C.2006) (observing that "[t]his Court gives pro se parties the benefit of the doubt and may ignore some technical shortcomings of their filings" and applying the Haines rule to a plaintiff's summary judgment motion) (citing Haines, 404 U.S. at 520, 92 S.Ct. 594); Calloway v. Brownlee, 366 F.Supp.2d 43, 55 (D.D.C.2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors") (citing Haines, 404 U.S. at 520).  This approach of ensuring that pro se litigants are not denied access to the judicial process due to their unfamiliarity with the process leads the Court to conclude that the dismissal of the plaintiff's complaint because of her failure to respond to the Court's Show Cause Order by the Court imposed deadline must be vacated.  Accordingly, it is hereby this 27th day of February, 2007,

    **ORDERED** that the plaintiff's motion to reinstate this matter is **GRANTED** and this case shall be reopened.[1]

    **SO ORDERED** this 27th day of February, 2007.

    Reggie B. Walton
    United States District Judge

---

[1] The defendant's opposition shall be deemed a response to the plaintiff's response to this Court's Show Cause Order, termed "Opposition to Plaintiff's Motion for Reconsideration" ("Def.'s Opp'n).