UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JUELITHIA G. ZELLARS,              )
                                   )
    Plaintiff,                     )
  v.                               )  Civil Action No. 06-1024 (RBW)
                                   )
UNITED STATES OF AMERICA[1],       )
                                   )
    Defendant.                     )
_____)

**MEMORANDUM OPINION**

Currently before the Court is the plaintiff's Motion to Remand[2] ("Pl.'s Mot.") and the defendant's Opposition to Plaintiff's Motion for Reconsideration ("Def.'s Opp'n."). For the reasons set forth below, the plaintiff's Motion to Remand is denied and this matter is dismissed.

### I. Factual Background

The plaintiff, proceeding <u>pro se</u>, initiated this action in the Superior Court for the District of Columbia ("Superior Court") against Terrie Warren, alleging assault. Complaint ("Compl.") ¶ 1. The plaintiff contends that on May 13, 2005, at Brookley Avenue on Bolling Air Force Base ("Bolling AFB") in Washington, D.C., Ms. Warren, a member of the 11th Civil Engineer Squadron, "became ang[ered], raised her voice and pointed her fingers at the plaintiff, [and] ... rushed twice towards [the plaintiff]," causing her to believe that Ms. Warren "was going to hurt

---

[1] Terrie Warren, an Air Force employee, was the original defendant named in this complaint. However, the United States was substituted as the defendant in this action when the case was removed to this Court. Notice of Removal of a Civil Action, June 2, 2006 ("Notice of Removal 2").

[2] The Court considers the plaintiff's Motion to Remand as a response to this Court's June 13, 2006 Show Cause Order, which required the plaintiff to advise this Court why this case should not be dismissed for the reasons set forth in this Court's earlier Memorandum Opinion and based on the doctrine of <u>res judicata</u>.

[her]" or inflict "some type of bodily harm." Id. As a result of Ms. Warren's conduct, the plaintiff claims that "the stress caused [her] nerve pain" and many other physical ailments. Id. The plaintiff further states that "Ms. Warren caused [her] to miss weeks from work intermittently for head, neck, back injury [and] neurological problems." Id. She also contends that Ms. Warren violated a Temporary Restraining Order obtained by the plaintiff against Ms. Warren by signing a statement containing "slanderous and . . . defamatory comments" about the plaintiff. Id.

The plaintiff filed a complaint in the Superior Court in an earlier case on July 21, 2005, and it was subsequently removed to this Court by the defendant on April 20, 2005. Notice of Removal of a Civil Action, August 20, 2005 ("Notice of Removal 1"). That complaint was dismissed by this Court on April 20, 2006, due to lack of subject matter jurisdiction. April 20, 2006 Order. The plaintiff then filed the current substantially similar complaint in the Superior Court on May 13, 2006. Pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, 2679(d)(2) (2000), and 28 C.F.R. § 15.4 (2006), and based on a certification that Ms. Warren was acting within the scope of her employment as an employee of the United States at the time of the alleged assault, the United States was once again substituted for Ms. Warren as the defendant and this second action was also removed to this Court. Notice of Removal 2 at 1-2.

Because this action appeared identical to the earlier action this Court had dismissed, see Zellers v. Warren, No. 05-1670 (D.D.C. Apr. 20, 2006), the Court issued an order directing the plaintiff to show cause why her new complaint should not be dismissed on the grounds that the underlying claims had previously been dismissed. June 13, 2006 Order. As a result of the plaintiff neither filing a response nor requesting an extension of time to file a response to the

Court's June 13, 2006 Order by the designated deadline, this Court dismissed the plaintiff's second complaint on June 30, 2006.  June 30, 2006 Order.  On July 7, 2006, the plaintiff filed a Motion to Back Date the Pleading ("Pl.'s Mot. 2"), which requested that the Court reinstate this matter.  Thereafter, the Court granted the plaintiff's request and reinstated this matter in order to accept for filing the plaintiff's untimely Motion for Remand as a response to the Court's Show Cause Order.  February 27, 2007 Order.  Now, in response to this Court's Order to show cause, the plaintiff requests that her case be remanded back to the Superior Court because it was "prematurely removed" to this Court.  Pl.'s Mot. ¶ 1.  The defendant maintains that the plaintiff's reasoning supporting her request has no merit and that the complaint should be dismissed for the same reasons this Court previously dismissed her first case.  Def.'s Opp'n. at 3.

## II. Analysis

The plaintiff asserts that this case was prematurely removed to this Court and requests that it is remanded back to the Superior Court.  Pl.'s Mot. at 2.  If her request for remand is denied, the plaintiff asks that this Court "keep this case open until all pertinent information is analyzed that is related to [this] case" and that she be granted relief from the "Agency's wrongdoing."  Id. at 4.  All of the relief requested by the plaintiff must be denied as the Court concludes, sua sponte, that her claim is barred by res judicata.  Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  "The four factors that must exist for res judicata to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits."  Polsby v. Thompson, 201 F. Supp. 2d 45, 48 (D.D.C. 2002)

3

(citations omitted). Satisfaction of all four factors "extinguishes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" McLaughlin v. Bradlee, 599 F. Supp. 839, 847 (D.D.C. 1984) (quoting Restatement (Second) of Judgments § 24 (1982)). "[C]onserving judicial resources, avoiding inconsistent results and engendering respect for final court judgments" underlie the reason for invoking res judicata. Hardison v. Alexander, 655 F.2d 1281, 1289 (D.C. Cir. 1981).

Here, the first two prongs of the test are satisfied as the parties are the same in both suits and a judgment was rendered by a court of competent jurisdiction. In addition, this Court's earlier dismissal of the claim for lack of subject matter jurisdiction is a final judgment on the merits for res judicata purposes.[3] April 20, 2006 Order. Therefore, the only disputable factor remaining in assessing the applicability of res judicata in this case is whether the alleged assault asserted as the underlying basis for the earlier case and the allegations raised in this case constitute the same cause of action. The court in Jane Does I Through III v. District of Columbia and MRDDA, 238 F. Supp. 2d 212, 217-218 (D.D.C. 2002) squarely addressed this issue:

> The determination of what constitutes a single cause of action is focused on the "nucleus of facts" surrounding a transaction rather than the legal theories utilized by the parties (citing Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984). Following the Restatement (Second) of Judgments the D.C. Circuit has set forth

---

[3] See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982) (explaining that principles of res judicata apply to the issue of subject matter jurisdiction, and that "[a] party that has had an opportunity to litigate the question of subject matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment."); see also Restatement (Second) of Judgments § 12 (1982) (recognizing exceptions to this rule when "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government."). These exceptions are not applicable to this situation.

> several factors to determine if a claim arises from a previously
> litigated transaction or occurrence. These factors include, "whether
> the facts are related in time, space, origin, or motivation, whether
> they form a convenient trial unit, and whether their treatment as a
> unit conforms to the parties' expectations or business understanding
> or usage." A single cause of action may include not only claims
> previously litigated but also claims that arise from the same
> transaction or occurrence of the previous action that could have been
> litigated therein.

Jane Does I Through III, 238 F. Supp. 2d at 217-18 (quoting I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg., 723 F.2d 944, 949 n.5 (D.C. Cir. 1983) (citing Stroman v. Blue Cross & Blue Shield Ass'n, 966 F. Supp. 9, 11 (D.D.C. 1997); Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)). The court in Polsby noted that "[e]ven if [the plaintiff's] claims [were] not identical to those [he] brought in [the earlier litigation], they still arose from the same 'transaction or occurrence' and this [did] not merit further consideration by the court." Polsby, 201 F. Supp. 2d at 50-51. The Polsby court further stated that "[b]ecause the doctrine of res judicata dictates that 'once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost . . . ." Id. at 51 (quoting Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986)).

The plaintiff alleged assault as the cause of action in the present action. Compl. at 1. The plaintiff's first action also asserted a claim of assault based on a verbal altercation between the plaintiff and her supervisor. Zellars, No. 05-1670. This Court's Memorandum Opinion dismissing the plaintiff's first case did not directly address the issue of whether an assault that allegedly causes only emotional or non-physical harm is considered an "injury" under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq. (2000), but rather the Court held that where a substantial question exists as to the FECA's applicability, a tort action is barred

5

unless the Secretary of Labor determines the FECA does not apply. April 20, 2006 Memorandum Opinion and Order. The legal jurisprudence is clear that the FECA applies to physical injuries, but is silent about whether an assault can be the basis of a claim under this statute. See Caesar v. United States, 258 F. Supp. 2d 1, 5 (citing Tredway v. District of Columbia, 403 A.2d 732, 735 (D.C. 1979) ("physical attacks by third parties sustained in the performance of the employee's duties are clearly covered by FECA."). Additionally, the case law is split as to whether injuries that are non-physical in nature are covered under the statute such as the claim of intentional infliction of emotional distress. See Guidry v. Durkin, 834 F.2d 1465, 1472-73 (9th Cir. 1987) (FECA defines "injury" only as physical harm and does not cover claims of emotional distress); Sullivan v. United States, 428 F. Supp. 79, 81 (E.D. Wis. 1977) ( "[T]ype of injuries covered . . . does not appear to include such claims as are presented here for discrimination, mental distress, or loss of employment."); Cf. Burke v. United States, 644 F. Supp. 566 (E.D. La. 1986) (holding that FECA covers claims for intentional infliction of emotional distress).

In addition, although the plaintiff alleged an assault in her initial action, she did not allege with specificity any details regarding whether she sustained any injuries or whether she suffered a disability. "FECA expressly provides compensation to federal . . . employees injured in the scope of their employment only when 'disability or death' has resulted from their injuries." Mason v. District of Columbia, 395 A.2d 399, 403 (D.C. Cir. 1978). Though the plaintiff did not address whether she was in fact alleging injuries resulting in a disability in her first action, the Court inferred that the existence of a disability claim was possible. Accordingly, the plaintiff was directed to pursue her administrative remedies with the Secretary of Labor. April 20, 2006 Memorandum Opinion and Order. In the current suit, the plaintiff asserts with greater specificity

6

that she allegedly sustained long-term injuries resulting from the encounter with Terrie Warren. Comp. at 1. Namely, she contends that she sustained physical injuries to her "head, neck, [and] back" and that she also has experienced "neurological problems." Id. The determination of whether or not an injury was caused by an event alleged by an employee is solely at the discretion of the Secretary and that decision may not be judicially reviewed. Scott v. United States Postal Service, No. 05-0002, 2006 WL 2787832, at *4 (D.D.C. Sept. 26, 2006). Since the plaintiff's injuries alleged in this action are injuries of a long-term nature arising out of the incident which occurred in May, 2005, the Court can infer that the plaintiff is alleging injuries resulting in a disability that is covered under the FECA.

When there is ambiguity regarding whatever claims are covered by the FECA, the Secretary of Labor must determine if it applies. Id. More specifically, it is the Secretary's domain to decide what claims constitute an "injury" under the FECA in the face of uncertainty. See Lewis v. Cisneros, No. 94-3267, 1995 WL 33662, at *1 (E.D. La. Jan. 27, 1995) ([w]here a "substantial question" exists as to FECA coverage, a tort action is barred unless the Secretary determines that the FECA does not apply")(citations omitted); see Mason, 395 A.2d at 402 ("[b]efore an action in court may be brought, the employee must first seek and be denied relief by the Secretary of Labor.") (citations omitted); Daniels-Lumley v. United States, 306 F.2d 769, 771 (D.C. Cir. 1962) ("[u]nless plaintiff's injuries were clearly not compensable under the FECA . . . the Secretary of Labor must be given the primary opportunity to rule on the applicability of the Act to [the] case.").

The plaintiff seeks to avoid the consequences of res judicata, arguing that "[t]he allegations in the [current] suit are not identical to those raised in [the previous case]", yet she fails to explicitly delineate any differences. Pl.'s Mot. ¶ 7. Perhaps the plaintiff's medical

problems allegedly caused by the stress brought about by the situation are what the plaintiff posits as new or different claims.[4]  Pl.'s Mot. ¶ 4.  However, even though the injuries alleged in the current complaint were not asserted in the first complaint, they nevertheless arose from the same transaction or occurrence.  The "nucleus of facts" in both cases are identical – the acts allegedly perpetrated by Ms. Warren on May 13, 2005, at Bolling AFB.  Accordingly, the allegations that underlie the claims in both cases constitute the same cause of action.  See Jane Does I Through III,

---

[4]The plaintiff makes a few other arguments in support of her motion, though these arguments are barred by res judicata and not addressed by the Court.  One such previously litigated issue is that the plaintiff alleges that Ms. Warren harassed her in violation of the Superior Court's Temporary Restraining Order ("TRO") and she asserts that she "believes [this] Court did not [dismiss] the TRO from Ms. Warren before 9/9/05."  Pl.'s Mot. ¶ 6.  For clarification purposes only, this Court notes that it unambiguously granted the defendant's motion to vacate the Superior Court's order regarding the TRO on August 30, 2005.  Thus, nullifying its application prior to September 9, 2005 as alleged by Ms. Warren to be the proper expiration date.  August 30, 2005 Order issued in Zellars v. Warren, No. 05-1670 (D.D.C. April 20, 2006).  Another contention by the plaintiff is that this case was improperly removed to the federal court because this is an individual suit against Ms. Warren.  Compl. ¶ 1.  However, this Court has previously determined that this case was properly certified by the U.S. Attorney's Office and properly removed to this Court. April 20, 2006 Memorandum Opinion and Order.

   This also appears to be the first time in the litigation when the plaintiff is alleging that Ms. Warren harassed her prior to the occurrence of the incident which resulted in the initiation of this litigation and that the defendant is liable for negligent hiring.  Pl.'s Mot. ¶¶ 3, 10.  She asserts the government has breached its "contractual obligations of good faith and fair dealing and simultaneously, interfered with her medical condition."  Pl.'s Mot. ¶ 3.  The plaintiff represents that she "has complied [with] and followed the necessary guidelines to [establish] peace and request[ed] assistance to stop the discrimination practices"and "has utilized the Equal Employment Office, but the discriminatory practices [continue]."  Id. ¶ 11.  However, in the event these are new claims, "[t]he Restatement approach reflects a trend 'in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'"  U.S. Indus., Inc. v. Blake Constr. Co., Inc., 765 F.2d 195, 205 (D.C. Cir. 1985) (citing 1B J. Moore, Moore's Federal Practice ¶m0.410[1], at 359 (1983).  In addition, in the plaintiff's first case this Court directed her to exhaust her administrative remedies set forth in the Civil Service Reform Act if she was in fact alleging adverse personnel actions.  April 20, 2006 Memorandum Opinion and Order.  It further suggested she pursue the administrative remedies identified in the Title VII of the Civil Rights Act of 1964 if her claim was one of unlawful employment discrimination.  Id.  Thus, res judicata precludes the Court's adjudication of her additional allegations.

238 F. Supp. 2d at 217.  Thus, this plaintiff's current claim is barred by res judicata.[5]

### IV.  Conclusion

When the plaintiff's first case was dismissed, this Court held that the appropriate avenue for her to first pursue was the administrative process of securing a decision from the Secretary of Labor regarding the applicability of the FECA, 5 U.S.C. §§ 8101 et seq. to her claim.  April 20, 2006 Memorandum Opinion and Order.  Nonetheless, the plaintiff has proffered nothing to show that she has exhausted her administrative remedies.   Further, the plaintiff fails to recognize the finality of removal of her case to this Court.  Accordingly, res judicata bars the plaintiff from pursuing this second action and her request to have this case remanded to the Superior Court must be denied.  This case is therefore dismissed.

SO ORDERED .[6]

/s/_____
REGGIE B. WALTON
United States District Court Judge

---

[5]  Even if res judicata did not apply here, now that the plaintiff is alleging injuries from which a disability may be inferred based on the long-term nature of her injuries, the question as to whether her claim is covered by the FECA still exists and the instant action would be properly dismissed by this Court.  Thus, the plaintiff must exhaust her administrative remedies with the Secretary of Labor before filing a claim in this Court.  Mason, 395 A.2d at 402.

[6]  An order consistent with the Court's ruling has been issued.